(Supreme Court, Special Term, Erie County. January, 1897.)

1. EMINENT DOMAIN—GRADE CROSSINGS—COSTS.
    The "costs allowed by law" which may be awarded in proceedings to establish railroad crossings in the city of Buffalo (Laws 1890, c. 255, § 9) are those allowed by Code Civ. Proc. § 3372, relating to costs in condemnation proceedings, not the costs allowed in actions.

2. SAME—EXTRA ALLOWANCE.
    Code Civ. Proc. § 3372, providing that in condemnation proceedings "the court may award an extra allowance of costs," is not limited by section 3253, relating to costs in general, and authorizing an extra allowance "in a difficult or extraordinary case."

3. SAME—EXPERT WITNESS FEES.
    The charges of expert witnesses in condemnation proceedings cannot be taxed under Code Civ. Proc. § 3372, providing for the taxation of only such costs as are "allowed of course" to a prevailing defendant in the supreme court.

Application of the grade crossing commission of the city of Buffalo for the appointment of commissioners to ascertain the compensation to be paid to William H. Slade and others, owners of land proposed to be taken. The commissioners move for confirmation of their report, and for the fixing of the damages, costs, and expenses to be allowed. Granted.

George Wadsworth, for landowners.
Spencer Clinton, for petitioner.
Charles A. Pooley, for New York Cent. & H. R. R. Co.

LAUGHLIN, J. The motion for the confirmation of the commissioners' report is not opposed, and is granted. The landowner presents an affidavit stating the history of this proceeding, showing, among other things, that it was commenced in January, 1895, and was heard before the commissioners in April and May of that year, and that on such hearing a question of law arose as to whether or not the landowner was entitled to an award for the damages to the remainder of his land not taken, in consequence of the obstructions and structures to be placed and erected in the street in making the improvement which necessitates the taking of the land sought to be acquired in this proceeding; that evidence of such damages was objected to by the petitioner's attorney; that the hearing lasted several days; that an exhaustive brief upon the law was necessary on the part of the landowner to be submitted to the commissioners; that the commissioners sustained the objection, and made an award to the landowner of $34,900, making no award for the damages thus sustained; that the special term of this court confirmed the award, and, in order to obtain the just compensation to which he was entitled, the landowner was obliged to appeal to the appellate division; that, on being reached for argument, the case was transferred to the Third judicial department, and thereafter argued at Albany, and by the decision of the appellate division the report of the commissioners was set aside, and a ruling made that under the grade crossing act (Laws

43 N.Y.S.—68

1890, c. 255) the landowner was entitled to the damages, as to which he offered evidence upon the trial, and that thereafter he was obliged to apply for the appointment of new commissioners, and a motion was made by the petitioner to set aside the order, which was denied; that the petitioner appealed from the order appointing new commissioners, and from the order denying its motion to vacate the same, and thereafter new commissioners were agreed upon and appointed; that the new hearing occupied three or four days, and there were thirteen different adjournments, and that considerable time was required to prepare, a brief for the final submission of the case; that by the report of the second commission, now before the court for confirmation, the landowner is awarded the sum of $50,700. Annexed to the affidavit is a bill of costs and disbursements, which the landowner asks to have taxed and allowed by the court, and one of the items is $130 paid to expert witnesses. It was urged upon the argument that the rulings have not been uniform by the different justices of this court upon the question as to the power of the court to grant additional allowances and allowances for expert witnesses in proceedings under the grade crossings act, and the court is requested to make a definite ruling upon those questions. I have therefore examined all such proceedings referred to by counsel on the argument, or that could be found upon the records. The records in similar proceedings in this court show that in some instances such witness fees have been allowed by the court, and in some instances they have been disallowed. The same records also show that in several instances in appraisal proceedings under the grade crossings act the justices of this court have granted additional allowances to landowners, and in some instances applications for additional allowances have been denied. Only one opinion, however, has been written upon the question, and that was by Justice Green in July, 1895.

Section 12 of the grade crossings act, under which this proceeding was instituted, provides that upon confirming the report "the court shall fix the amount of damages, costs and expenses allowed by law to be allowed the landowner and the petitioner, and shall order the same to be paid by the railroad or railroads interested and the city, as and in such proportion as shall have been fixed" by a commission or by an agreement of the parties. There is no provision of the grade crossings act defining what are the costs and expenses allowed by law. Justice Green reached the conclusion that the costs and expenses allowed by law are to be determined from the provisions of section 3372 of the Code of Civil Procedure, contained in the title known as the "Condemnation Law"; and he also held that the court must be governed on that subject by the decision of the general term in this department in Re Lake Shore & M. S. Ry. Co., 65 Hun, 538, 20 N. Y. Supp. 573. The records indicate that the other justices before whom the question has been presented were of the same opinion, and in this conclusion I fully concur. The alleged inconsistent rulings are merely different conclusions upon different facts addressed to the discre-

tion of the court.   Section 3372 of the Code of Civil Procedure pro-
vides that:

"If no offer was made (by the petitioner to the land owner) the court shall, in
the final order, direct that the defendant recover of the plaintiff the costs of the
proceeding, to be taxed by the clerk, at the same rate as is allowed, of course,
to the defendant when he is the prevailing party in an action in the supreme court,
including the allowances for proceedings before and after notice of trial, and the
court may also grant an additional allowance of costs, not exceeding five percentum
upon the amount awarded."

The question came before Justice Green on a motion to confirm
the first report of commissioners, and the papers before him evi-
dently showed that the landowner had not encountered very great
difficulty or incurred much expense in having his damages assessed;
and the motion was denied, not for want of power, but on the facts
of that case.   Justice Green also distinctly held, and I concur in
the ruling, that the provisions of section 3253 of the Code of Civil
Procedure, authorizing the court to make an additional allowance
of 5 per cent. in a difficult and extraordinary case, were not ap-
plicable.   In the Lake Shore Case, supra, the general term, con-
struing section 3372 of the Code of Civil Procedure, held as fol-
lows:

"The legislature obviously intended by this section to provide indemnity to an
owner who has been subjected to the expense of an investigation in case of the
failure of the petitioner to make a preliminary offer for the property. * * *
He is subjected to the trouble and expense of preparing for the hearing by pro-
curing witnesses.   There is the same necessity for counsel as in ordinary actions.
The hearing in such cases frequently consumes considerable time.   The questions
involved are sometimes intricate, especially in cases where the land taken forms
a part of a larger tract owned by the defendant, and the question, therefore, of
damages to the remaining land is involved.   The provision as to an allowance of
additional costs does not depend, as in section 3253, upon an answer having been
interposed, or upon the proceeding being difficult and extraordinary.   No such
condition is contained in the section, but the court is given the discretion to grant
an additional allowance of costs when no offer has been made as in this case.
This provision was undoubtedly inserted in this section with a view of giving the
court the discretion of granting an additional allowance of costs for the purpose
of compensating the owner, in a proper case, for the expense he may have been
subjected to in summoning witnesses, and attending the hearing before the com-
missioners with his counsel."

In view of the opinion of the general term, I think Justice Green
did not intend to hold that the court should not make an addi-
tional allowance excepting where it appears that the case was
difficult and extraordinary, within the meaning of the decisions up-
on that subject made under section 3253 of the Code, for no such
limitation on the power of the court is contained in section 3372 of
the Code, as construed by the learned opinion of the general term.
To warrant an additional allowance, under this section, of any
considerable sum, the court should be satisfied that the proceed-
ing was something more than an ordinary appraisal proceeding;
that an unusual amount of time was necessarily consumed, or a
large amount was involved, requiring greater care and attention
and responsibility on the part of counsel, or that other questions
than those ordinarily arising on eminent domain proceedings were
involved; in short, such considerations as lead the court, in fore-

closure actions, to make an additional allowance under section 3253 of the Code, which is analogous.

The application now under consideration is meritorious. The questions involved on the hearing before the commissioners and before the court on appeal were both difficult and extraordinary, although that was not necessary to authorize an additional allowance; but it should be considered in determining the amount of such additional allowance. No offer was made to the landowner, and no unreasonable price was placed upon his land, which necessitated the proceeding in court. Perhaps the grade crossings act would not authorize the commissioners and interested railroad to make an offer to the landowner, or agree with him upon his damages; but that is not the owner's fault, and he should not suffer in consequence. He is brought into court, and his land is taken in the interests of the public, though he may not wish to sell. The property involved in the proceeding was of great value, as shown by the final award. This justified the landowner in employing able counsel to carefully look after his interests. His efforts to show a large item of his damages by legal evidence were opposed by eminent counsel representing the grade crossing commission and interested railroad, who successfully contended before the commissioners for a construction of the grade crossings act which would have deprived him, in this proceeding at least, and perhaps forever, of $15,800 damages actually sustained. The prevailing opinion on the appeal in this proceeding shows that the commissioners excluded the evidence as to damages upon the theory that the work contemplated would only constitute a change of grade of the street, and that their ruling was attempted to be supported on appeal upon the same theory. Had such attempt been successful, the landowner's only remedy would have been an application addressed to the discretion of the grade crossing commission, or by petition, under the city charter, to have the assessors assess his damages upon other lands in the city benefited by the proceeding; and in the latter case the railroad company would not be liable, under its contract, for any part of the damages. Such were not adequate remedies for the great damages he has sustained.

On the final hearing, under the rule laid down by the appellate division (6 App. Div. 327, 40 N. Y. Supp. 520), it was necessary to show the effect of the improvement which was to be made by the grade crossing commissioners' plans upon the value of the remaining property of the landowner. This rendered the question of damages to be tried before the commissioners unusual and intricate, if not difficult. Two long trials have been had before different commissioners. Even under the provisions of law authorizing an additional allowance in difficult and extraordinary cases, it has been held and affirmed by the court of appeals that an additional allowance may be made in a simple action on a promissory note where there have been two trials, and two commissions were issued. Howell v. Van Siclen, 6 Hun, 115; Id., 8 Hun, 524; Id., 70 N. Y. 595. In the case last cited the general term say:

"We have examined the appeal from the order making an allowance of five per cent. on the amount of the judgment, and which is $215. We think the various proceedings in this action, including a commission and two trials, will warrant the allowance."

In Gooding v. Brown, 35 Hun, 156, the court, considering the effect of the amount involved on the question of extra allowance, said:

"The amount involved in this case very likely gave the defendant an anxiety, and to their attorney a responsibility, felt and appreciated, which would not be had or assumed in a controversy relating to a case of less magnitude in that respect. That furnishes a reason for bringing to the management of a case more care, and the advice and skill of eminent counsel, and, as a result, increased and unusual expense to the party."

Since the decision of Justice Green additional allowances have been made by different justices of this court in proceedings under the grade crossings act, and where no appeal had been taken, and there had been only one trial before the commissioners. Such allowances have varied according to the facts presented on each particular motion, running in one case as high as 3 per cent. upon the amount involved. The costs allowed the landowner, to be taxed under section 3372 of the Code, are limited to such as might be taxed of course by a defendant in an action, the only difference being that by virtue of the grade crossings act they must be fixed by the court, and not taxed by the clerk.

I am of the opinion that the landowner cannot be allowed for the fees of expert witnesses, for such disbursements could not be taxed in an action. The items of costs allowed are indicated upon the bill of costs filed. Under the facts presented on this application the landowner is granted an additional allowance of $3\frac{1}{2}$ per cent. on the amount of the final award. The commissioners' fees are allowed for the number of days employed, as shown by the affidavit of Nathaniel Morton, filed. Pursuant to the provisions of the grade crossings act and of the contract between the petitioner and the New York Central & Hudson River Railroad Company, as shown by the affidavit of the attorney for the petitioner, filed, the total awards, damages, costs, and expenses fixed and allowed are apportioned between the city and the railroad company, and directed to be paid as follows: By the city of Buffalo, $33\frac{1}{3}$ per cent., and by the New York Central & Hudson River Railroad Company $66\frac{2}{3}$ per cent.