there was the inception of a new relation, in effect a redelivery of the ore to it. The lien was not effective from the first shipment of the ore, for liability for payment did not commence then. The beginning of the charge and of the attaching of the lien were simultaneous events. The plaintiff asserted its right to charge for storing the ore. The defendants disputed this. The question of the indebtedness hinged on the result of this controversy, and on the same pivot revolved the subsidiary proposition, the right of lien. If the notice to remove was reasonable in point of time, if plaintiff was within the compass of its rights in imposing the storage charges after June 1st, then, as a wharfinger or bailee for hire, it was entitled to enforce a lien upon the ore for its fair charges. Hartley v. Hitchcock, 1 Starkie, 408. As Story says in his work on Bailments (section 452): "A wharfinger, like other depositaries for hire, has a lien on the goods for his wharfage." Again, in section 435: "* * * It has recently been held in America that warehousemen have a specific lien, although they certainly cannot be said by their care and skill to have improved the thing bailed. The same would seem to belong to a wharfinger." See 2 Kent, Comm. 634 et seq.; Edw. Bailm. § 364. The plaintiff's notice to the defendants was that, in case of failure to remove the ore, it would be subjected to a storage charge of three cents per ton per month. The charge it can make is an adequate compensation; and, while the testimony of plaintiff's witnesses on that subject is not controverted, I am satisfied the rate mentioned is excessive. In its original letter, preceding the commencement of business, fifteen cents per ton per year is the price given, and I think that is ample compensation. The defendants, Ladenburg, Thalmann & Co., purchased this ore of the receiver of Corrigan, Ives & Co. with a guaranty that it was free from lien charges for storage, and the decisions and judgments will protect these purchasers as against their vendors. The complaint is somewhat loosely drawn, and fails to state fully the cause of action, but, as the case has been tried on the merits, it may be amended conformably to the facts established.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Adelbert Moot, for appellants.

John G. Milburn, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of SPRING, J., delivered at special term.

---

(20 App. Div. 271.)

In re GRADE CROSSING COMMISSIONERS OF CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

1. RIGHT TO COSTS—WHEN EXISTS.
   Indemnity for costs can be had only when provided for by statute.

2. SAME—CONDEMNATION PROCEEDINGS—SPECIAL PROCEEDINGS.
   The proceeding of grade crossing commissioners to condemn land for the purpose of widening a street pursuant to Laws 1888, c. 345, is a special proceeding, defined by Code Civ. Proc. § 3334, as any proceeding other than an ordinary prosecution by one party against another.

3. SAME—COSTS—EXTRA ALLOWANCE.
   Costs in a special proceeding are limited in amount by Code Civ. Proc. § 3240, to the "rates allowed for similar services in an action in the same court," and do not include anything by way of extra allowance.

4. SAME—CONSTRUCTION OF STATUTES.
   Code Civ. Proc. § 3372 (General Condemnation Law), providing for extra allowances of costs, does not apply to a proceeding to condemn land for the purpose of widening a street pursuant to Laws 1888, c. 345 (Grade Crossing Law), which is special in character, and was enacted two years prior to

said section, for, although said section is sufficiently comprehensive to relate to said chapter, a legislative intention that it should not do so is shown by the facts that on the day the general law went into effect section 12 of said chapter was amended, retaining its original language as to costs, without any reference to the general law, and that two years thereafter another amendment was made without any such reference.

5 SAME—STA ゝTES IN PARI MATERIA.
General Condemnation Law and Grade Crossing Law (Laws 1888, c. 345) each is complete in itself, and each for itself prescribes a system of procedure, and they are not so related as to make them in pari materia, and hence that provision of the former (Code Civ. Proc. § 3372), allowing extra allowances for costs, does not apply to the latter.

Appeal from special term, Erie county.

Application of the grade crossing commissioners of the city of Buffalo to appraise certain lands. Betsy Sully Chick appeals from that portion of an order confirming the report of commissioners which denied her application for an extra allowance of costs. Affirmed.

This proceeding was instituted by the grade crossing commissioners of the city of Buffalo, under the provisions of chapter 345, Laws 1888, to condemn a parcel of land owned by the defendants for the purpose of widening one of the streets of the city. The proceeding appears to have been in all respects properly conducted; and upon the motion at special term to confirm the award of damages an application was made by the defendant, Chick, for an additional allowance of costs. The application was denied, and from the order denying the same this appeal is brought.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John Laughlin, for appellant.
Daniel H. McMillan, for respondent.

ADAMS, J. The appellant's property having been taken for a public improvement, it is manifestly just and fair that she should not only be reasonably compensated therefor, but that she should be indemnified against all costs and expenses which she has incurred in her efforts to obtain adequate and proper damages for the property thus appropriated. In re City of Brooklyn, 148 N. Y. 107, 42 N. E. 413. Indemnity by way of costs is, however, not an inherent right. It is rather one which is created by statute, and can only be obtained in cases which are clearly brought within the operation of existing statutory provisions. Fargo v. Helmer, 43 Hun, 17; Munson v. Curtis, Id. 214; Patterson v. Burnett, 17 Civ. Proc. R. 116, 4 N. Y. Supp. 921. It follows, therefore, that unless there is some statute awarding costs and expenses to the appellant, none can be recovered by her. In re City of Brooklyn, supra. Section 12 of the act under which these proceedings were instituted provides that upon the confirmation of the report of the commissioners "the court shall fix the amount of damages, costs, and expenses allowed by law, to be allowed to the landowner and the petitioner, and shall order the same to be paid," etc. It is obvious, therefore, that provision was made by the legislature for the awarding of costs in this particular proceeding, but as the amount to which the appellant is entitled is, unfortunately, left somewhat indefinite, the duty is imposed upon us by her appeal to determine what

construction shall be given to the language just quoted. It appears to be pretty well settled that this is what may be denominated a "special proceeding," as that term is defined by the Code of Civil Procedure (section 3334; In re City of Brooklyn, supra), and it seems equally well settled that, in the absence of some express statutory direction, the costs to be awarded to the successful party in a special proceeding are fixed by section 3240, Code Civ. Proc.; that they are limited in amount to the "rates allowed for similar services in an action in the same court," and do not include anything by way of "extra allowance." In re Holden, 126 N. Y. 589, 27 N. E. 1063. It is insisted, however, that inasmuch as the appellant is entitled to such costs and expenses as are "allowed by law," she may avail herself of a provision of the general condemnation law which provides that in proceedings instituted under that act the court shall, in the final order, direct that the defendant recover of the plaintiff the costs of the proceeding, and that . it may also, in its discretion, grant an additional allowance of costs, not exceeding 5 per centum upon the amount awarded. Code Civ. Proc. § 3372. Upon the argument we were not a little impressed with the apparent soundness of this proposition, which is certainly sustained by two special term decisions, each of which is entitled to great respect (In re Slade, 19 Misc. Rep. 230, 43 N. Y. Supp. 1073, and case there referred to); but, after a more careful examination of the question, we have found it necessary to revise our first impressions, and to conclude that the section just cited cannot properly be invoked in aid of the appellant's contention. In reaching this conclusion we have been influenced by two considerations, which may be thus briefly stated: The act authorizing these proceedings is special in its character, and it was passed in 1888, some two years prior to the enactment of the general condemnation law. During this period of time there was, consequently, no law regulating the amount of costs to be awarded the appellant, other than section 3240 of the Code of Civil Procedure; and, although section 3372 might have been sufficiently comprehensive in its operation to have related to the special act if the legislature had so ordained, yet there is nothing to indicate that such was the intention of that body. On the contrary, if we apply the ordinary rules of construction, we are led to the conclusion that such was clearly not its intention, for upon the very day that the general law went into effect section 12 of the special act was amended, and the exact language of the original act respecting the allowance of costs was retained, without any reference whatever to the provisions of the general law (Laws 1890, c. 255); and two years thereafter the special act was again amended, without containing any such reference (Laws 1892, c. 353). These omissions seem to be quite significant, for it is but reasonable to suppose that, if the legislature had intended to make any of the provisions of the general act applicable to the special act which we are now considering, it would have clearly indicated such intention, either in the general act or in one or the other of the amendments to the special act to which reference has been made. But a still more formidable obstacle in the way of the adoption of the defendant's contention is that the two acts are not so related as to make them in pari materia. As was said in the case to which we have ad-

verted so frequently (In re City of Brooklyn, supra), if "the purpose of the special act could have been accomplished by proceedings under the general act, the procedure under the general act might have been followed by force of section 3383 of the Code, although the prior special act furnished a method of its own." We do not think, however, that the purpose of the grade crossing act could have been accomplished by the general condemnation law. Both statutes relate to condemnation proceedings, it is true; but in this case, as in the one cited, each statute is complete in itself, and "prescribes a system of procedure, each for itself, having many points of similarity, as also many points of divergence." In this case, therefore, as in that, it may be said that "the costs and allowances authorized in condemnation proceedings under the Code by fair intendment relate to costs and allowances in proceedings thereunder," and not to the costs and proceedings allowed by this special act. It is to be regretted that the conclusion we have reached has been found necessary in this particular instance, for the defendant's application strikes us as a meritorious one. But, if we are correct in our views, the difficulty which we have pointed out, and which does not appear to have been brought to the attention of the special term, is one which must be obviated by legislation, and not by adjudication.

Order affirmed, but without costs to either party. All concur.