(63 App. Div. 366.)

DAVIDSON v. JOHN GOOD CORDAGE & MACHINE CO. et al.

(Supreme Court, Appellate Division, Second Department.   July 25, 1901.)

1. RECEIVERS—INJUNCTION—FORECLOSURE OF MORTGAGE.
    An injunction issued under Code Civ. Proc. § 1806, providing that, in a suit for a receiver and the sequestration of the property of a corporation, the court may restrain creditors of the corporation from bringing actions against it for the recovery of money, does not prevent one holding a mortgage on property of the corporation, given by a prior owner of such property, and which was not assumed by the corporation, from maintaining a suit to foreclose.

2. SAME—CHANCERY JURISDICTION.
    Chancery has no jurisdiction authorizing it to sequester the property of a corporation by means of a receiver, outside of that specially conferred by statute.

3. MORTGAGES—FORECLOSURE—INJUNCTION.
    A first mortgage on property owned by an insolvent corporation was made by a prior owner of such property for one year.   Interest was paid for about four years, and for the next four none was paid, and the mortgagee was compelled to pay taxes for several years, amounting to over $4,000; and, prior to the appointment of the receiver, judgments amounting to over $100,000 were recovered against the corporation.   *Held,* that there was no merit in the contention that equity should restrain the foreclosure of the mortgage for the protection of the owner of the equity of redemption and a second mortgagee, whose lien had been declared void by the supreme court, though an appeal from such decision was pending.

Appeal from special term, Kings county.

Suit by Charles M. Davidson against the John Good Cordage & Machine Company and others. From an order staying all proceedings in the action, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and HIRSCHBERG, JENKS, and SEWELL, JJ.

Ira Leo Bamberger, for appellant.

Alfred A. Cook (Leopold Wallach, on the brief), for respondent Berthold A. Reiss.

HIRSCHBERG, J. The respondent Berthold A. Reiss was appointed temporary receiver of a foreign corporation, the John Good Cordage & Machine Company, July 16, 1897, in an action brought by the Northside Bank, presumably for sequestration. The order appointing the receiver contains the usual injunction against the maintenance of actions by creditors. The corporation is the owner of certain real estate in Brooklyn, comprising its business and manufacturing plant. The plaintiff is the owner of a bond secured by a mortgage on a part of this real estate, which mortgage was given by a former owner of such real estate, and was not assumed by the company when it purchased. The bond and mortgage are long overdue. The action is brought to foreclose the mortgage. On or about January 1, 1897, the company executed and delivered to a trustee a mortgage on all of its property for $300,000, to secure a proposed issue of 300 bonds, of $1,000 each, which mortgage was held by this court to be void. Jenkins v. Machine Co., 56 App. Div. 573, 68 N. Y. Supp. 239. An appeal to the court of appeals was subsequently permitted (57 App. Div. 626, 68 N. Y. Supp. 1141), and by the order herein appealed from the plaintiff has been restrained from continuing his foreclosure suit until the decision by the court of appeals in that action. This appeal presents for consideration the question of the power of the court to grant the order, and of its propriety.

The injunction embraced in the order appointing the respondent receiver did not and could not operate to prevent the plaintiff from maintaining this action. The jurisdiction to appoint receivers of corporate property, to dissolve corporate bodies, to restrain the usurpation of corporate powers, and to sequester corporate assets, is wholly statutory. It was never assumed by the court of chancery until conferred by act of parliament, and the English system has been adopted and followed in this state. Attorney General v. Insurance Co., 2 Johns. Ch. 371, 389; Same v. Bank, Hopk. Ch. 354; United States Trust Co. v. New York, W. S. & B. R. Co., 101 N. Y. 478, 483, 5 N. E. 316; Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480; In re Binghamton Gen. Electric Co., 143 N. Y. 261, 38 N. E. 297. In the case last cited it was held that the court had no power, in proceedings for the voluntary dissolution of a corporation, to restrain creditors from disposing of corporate bonds held by them; the power being limited to the terms of section 2423 of the Code of Civil Procedure, viz. the enjoining of ac-

tions by creditors against the company for the recovery of a sum of money. The court said (page 263, 143 N. Y., and page 297, 38 N. E.):

"It has long been the settled law of this state that the jurisdiction of chancery does not extend to the sequestration of the property of a corporation by means of a receiver. Attorney General v. Insurance Co., 2 Johns. Ch. 371; Same v. Bank, Hopk. Ch. 354; United States Trust Co. v. New York, W. S. & B. R. Co., 101 N. Y. 478, 5 N. E. 316. It follows that the authority of the court in this proceeding must be found in the statute, and not in its general equitable powers. It is obvious that every lien upon the property of a corporation resting upon valid agreement or process before the appointment of a receiver, the lienor being lawfully in possession, must be preserved, with the right of enforcement, unless courts and legislatures are to override the vested rights of creditors. The general principle has been repeatedly recognized and approved by this court. Ruggles v. Chapman, 59 N. Y. 163; Machine Works v. Kelley, 88 N. Y. 234; In re Home Provident Safety-Fund Ass'n, 129 N. Y. 288, 29 N. E. 323; People v. E. Remington & Sons, 121 N. Y. 328, 24 N. E. 793, 8 L. R. A. 458."

To the like effect is In re Hamilton Park Co., 1 App. Div. 375, 37 N. Y. Supp. 310, wherein the court not only held that where a temporary receiver has been appointed in proceedings for the voluntary dissolution of a corporation the court cannot, under section 2423 of the Code of Civil Procedure, restrain a suit to foreclose a mortgage given by the corporation to a trust company to secure its bonds, but also decided that such an action was not one for the "recovery of a sum of money," within the meaning of the Code of Civil Procedure. The power in this case is within the same limitations as in the case of proceedings for voluntary dissolution. The suit of the Northside Bank being presumably an action pursuant to the provisions of chapter 15 of title 2 of the Code of Civil Procedure, the power of the court is confined by section 1806 to "restraining the creditors of the corporation from bringing actions against the defendants, or any of them, for the recovery of a sum of money," etc. If the corporation was liable upon the bonds, or on the purchase of the property had assumed and agreed to pay the mortgage, a different question might have been presented. But, as it is, the corporation is not liable to the plaintiff for any deficiency which may result upon a sale of the property. The plaintiff is not a creditor, and consequently is not included within the terms of the order appointing the receiver, by which creditors are enjoined from "commencing, continuing, or carrying on any suits or proceedings against said corporation." Moreover, an order of the court was obtained by the plaintiff, permitting him to bring and maintain this suit against the company.

But the respondent insists that, this action being a suit in equity for the foreclosure of a mortgage, the court has inherent power to restrain the proceedings, in the interests and for the protection of the owner of the equity of redemption and of subsequent incumbrancers. Conceding the jurisdiction of equity to restrain a foreclosure sale in a proper case and upon proper terms, it is nevertheless very plain, upon purely equitable considerations, that the order herein prohibiting the prosecution of the plaintiff's action to judgment cannot be upheld, but should be reversed by this court, in the exercise of its independent discretion. As was said by the court in Re

Busch Brewing Co., 41 App. Div. 204, 209, 58 N. Y. Supp. 812, 815: "We see no equities presented in the motion papers in favor of the insolvent mortgagor, or of its creditors, represented by the temporary receiver, which should enable him to arrest the equitable rights of the mortgagee." The plaintiff's mortgage was made June 1, 1893. It was given for one year. No interest has been paid since December 1, 1897. The unpaid interest at the time the order appealed from was granted amounted to $716.10, and unpaid taxes and assessments amounted at that time to upwards of $200. The plaintiff has been compelled to pay the taxes for the years 1893, 1894, 1895, 1896, and 1897, amounting to $4,696.05, so that his claim is already over $16,000. The receiver has only the sum of $4.54 on deposit, and no security whatever was given to the plaintiff upon the stay. Judgments amounting to $105,637.74 were recovered against the corporation prior to the receiver's appointment, in actions in which warrants of attachment were issued. The receiver was served with process in this action January 5, 1901. He appeared January 21st, and, after having obtained extensions, served his answer on February 20th, making denial upon information and belief, and obtained the stay on April 18th, when the cause was on the calendar in Queens county for trial. And nothing was presented to the court to indicate that the plaintiff's claim would not be prejudiced by the proposed stay, excepting the statement of a single affiant to the effect that the property covered by the plaintiff's mortgage "should be worth" at least $19,000. At the time the order was granted no appeal had been taken to the court of appeals in the Jenkins Case, and the plaintiff was not a party to that action. The plaintiff has offered his mortgage for sale at a discount to parties subsequently interested, but without avail. It surely cannot be regarded as just and equitable that the holder of a valid and prior lien of doubtful value should be deprived, without security, of the right to pursue lawful remedies designed for his protection, at the instance of a subsequent lienor, whose claim has been judicially determined to be void, in the mere hope that a higher court, to which no appeal has been taken, may validate the subsequent lien in an action with which the party restrained has no connection, and in which he has no interest. The order should be reversed.

Order reversed, with $10 costs and disbursements. All concur.