## In re TARRYTOWN, W. P. & M. RY. CO.

(Supreme Court, Appellate Division, Second Department.   June 18, 1909.)

1. CORPORATIONS (§ 610*)—VOLUNTARY DISSOLUTION—RESTRAINING MORTGAGE FORECLOSURE.

   In proceedings for voluntary dissolution of a corporation, the court has no power to restrain an action to foreclose a mortgage given by the corporation; the injunctive power in such proceedings before final order being limited by Code Civ. Proc. § 2423, to restrain actions for the recovery of money only.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2424; Dec. Dig. § 610.*]

2. COSTS (§ 164*)—EXTRA ALLOWANCES—SPECIAL PROCEEDINGS.

   A proceeding for the voluntary dissolution of a corporation being special in its nature, the court cannot award an extra allowance to the petitioners therein.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. § 622; Dec. Dig. § 164.*]

Appeal from Special Term, Westchester County.

Proceedings for the voluntary dissolution of the Tarrytown, White Plains & Mamaroneck Railway Company, a domestic corporation. From an order restraining foreclosure of a mortgage, the Knickerbocker Trust Company, as trustee, appeals.   Modified and affirmed.

Argued before WOODWARD, JENKS, GAYNOR, MILLER, and BURR, JJ.

Charles H. Tuttle (Joseph S. Auerbach and Harold C. McCollom, on the brief), for appellant.

Middleton S. Borland, for respondent.

BURR, J.   On March 1, 1908, the Tarrytown, White Plains & Mamaroneck Railway Company executed a mortgage to the Knickerbocker Trust Company as trustee, to secure its bonded indebtedness, amounting to $300,000, and covering all the property, franchises, and assets of the said company.   On January 13, 1909, in an action then pending in the Supreme Court sitting in Westchester county for the foreclosure of said mortgage, a receiver was appointed of all the mortgaged premises and property mentioned in the complaint in said action, and the rents, issues, and profits thereof, who duly qualified. On the 15th day of January, in the same court, an order was entered in a proceeding entitled "In the Matter of the Voluntary Dissolution of the Tarrytown, White Plains & Mamaroneck Railway Company, a Domestic Corporation."   That order contained, among others, the following provisions:

"And it is further ordered that the creditors of said corporation and all other persons be and they are hereby restrained and enjoined from bringing any action or proceeding against the said corporation, and they are hereby restrained and enjoined from taking any further proceedings in any action or proceeding heretofore commenced by them or any of them against the said corporation or any of the officers or stockholders thereof, except upon and until the further order of this court.   And it is further ordered, adjudged, and decreed that the said temporary receiver pay out of the income and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

earnings or other funds of the said corporation now in his hands, or, if the same be insufficient, then same or any deficiency thereof shall be payable out of the first funds in the hands of said permanent receiver, the sum of $2,000, which is hereby awarded to Messrs. Bowers & Sands, the attorneys and counsel of the petitioners herein, as an allowance in addition to their taxable costs in this proceeding, and also the sum of $191.92, taxed for said petitioners as their costs and disbursements in this proceeding, to be adjusted by the clerk of the county of Westchester."

The Knickerbocker Trust Company appeared specially upon the hearing of the motion to oppose the granting of the order, and now appeals from the same. By stipulation entered in the record the only questions raised upon the hearing of said appeal relate to the provisions of the order above referred to. The court has no power to make an order restraining the prosecution of the action in foreclosure by the said trustee. The injunctive power of the court before final order in dissolution proceedings is limited to restraining actions for the recovery of a sum of money only. Code Civ. Proc. § 2423. There is no greater power conferred upon the court in connection with the granting of a final order. The power which the court possesses in such proceedings is purely statutory, and does not depend upon its general equity powers. The lien of the mortgagee must be preserved, with the right to enforce the same, unless courts and Legislatures are to override the vested rights of creditors. In re Binghamton G. E. Co., 143 N. Y. 261, 38 N. E. 297; Davidson v. Good Cordage Co., 63 App. Div. 366, 71 N. Y. Supp. 565; In re Hamilton Park Co., 1 App. Div. 375, 37 N. Y. Supp. 310. The court was without power to make an extra allowance to the petitioners in the proceedings for the voluntary dissolution of the company. Such a proceeding, taken under title 11, c. 17, of the Code of Civil Procedure, is a special proceeding. Code Civ. Proc. §§ 3333, 3334. There is no power to make an extra allowance in a special proceeding, except that in certain districts of the state such an allowance may be made in special proceedings by way of certiorari to review assessments. Code Civ. Proc. § 3253; In re R. & S. R. R. Co. v. Davis, 55 N. Y. 145; In re Holden, 126 N. Y. 589, 27 N. E. 1063; In re Long Island Water Supply Co., 148 N. Y. 107, 42 N. E. 413; In re Grade Crossing Commissioners, 20 App. Div. 273, 46 N. Y. Supp. 1070.

The order appealed from must be modified, by striking out therefrom so much of the provisions thereof as restrain and enjoin the Knickerbocker Trust Company, as trustee, from proceeding with the action to foreclose its mortgage, and by striking out therefrom the provisions making an extra allowance, in addition to the taxable costs, to the attorneys and counsel of the petitioner in said proceedings; and, as modified, the said order is affirmed, without costs. All concur.