Thelma Rosenblatt et al., Appellants, *v.* Lenard S. Sait et al., Respondents.

First Department, May 26, 1970.

*Bernard Beitel* of counsel (*Robert A. Mallow* with him on the brief; *Gainsburg, Gottlieb, Levitan & Cole,* attorneys), for appellants.

*C. Daniel Chill* of counsel (*Quint, Marx & Chill,* attorneys), for respondents.

Bastow, J. Plaintiffs commenced this action to recover a sum alleged to be due from defendants upon two promissory notes

by substituted service of a summons and notice of motion for summary judgment (CPLR 3213). Defendants cross-moved to dismiss the action for lack of jurisdiction over their persons (CPLR 3211, subd. [a], par. 8); for a change of venue to one of three named counties, including Queens County, and for summary judgment on the ground that the notes were void because they allegedly violated the usury statutes of this State (General Obligations Law, §§ 5–501, 5–511).

Special Term found triable issues regarding the usurious nature of the loans and denied plaintiffs' motion for summary judgment. It granted the cross motion, however, for a change of venue to Queens County but denied the remainder thereof — to dismiss for lack of jurisdiction and for summary judgment in defendants' favor — without prejudice to renewal in Queens County.

Plaintiffs moved for leave to renew and to reargue their motion and defendants' cross motion. In a supporting affidavit the attention of Special Term was directed to the unusual procedural posture in which the parties had been placed by the original decision. It was thus succinctly summarized: "if the court considers service upon the defendants and the jurisdiction derived therefrom an open question, the court should not have considered [plaintiffs' motion for summary judgment] leaving all matters open for the Supreme Court in Queens County to consider de novo."

We find merit to plaintiffs' contention. Special Term while denying defendants' motion for summary judgment on the ground of usury granted leave to renew the motion in Queens County. Simultaneously, however, the court denied plaintiffs' motion for summary judgment — to which there appears to be no valid opposition except the defense of usury — without leave to renew.

Orderly procedure and a proper regard for comity mandate that once Special Term decided that venue should be changed to a county outside of this Department it should have relegated all motions to the transferee court. This view is here fortified by the fact that defendants' motion to dismiss for lack of jurisdiction over them remains undecided. Thus, it would be an exercise in futility to conclude perchance that plaintiffs were entitled to summary judgment only to have it held subsequently that the court did not have jurisdiction over the defendants.

Lastly, defendants were not the architects of this imbroglio. They were successful in having venue changed and the remaining requested relief — summary judgment and dismissal for lack of jurisdiction — was in substance referred to the court

in Queens County. Thus, they were helpless bystanders who could not prosecute any meaningful appeal.

The order entered September 15, 1969 should be modified on the law and on the facts and without costs or disbursements to the extent of providing that the denial of plaintiffs' motion for summary judgment should be without prejudice to their right to renew the motion in Supreme Court, Queens County.

EAGER, J. (dissenting). I dissent. I would reach the merits of plaintiffs' motion pursuant to CPLR 3213 for summary judgment. Clearly, defendants have waived the jurisdictional objection. The defendants, on application of plaintiffs for renewal and reargument, opposed on the merits the plaintiffs' motion for summary judgment. The jurisdictional issue was not then specifically raised by defendants. Furthermore, the brief submitted by defendants on this appeal is devoted solely to a defense, on the merits, of the application for summary judgment and nowhere in their brief do the defendants challenge the jurisdiction of this court to dispose of such application on the merits. The Supreme Court is a court of general State-wide jurisdiction and, clearly, this court has the power to determine the question now submitted to it. '' Justice delayed is justice denied '', and the delay in affording plaintiffs relief pending the transfer of the action to Queens County is unwarranted. The defendants' alleged defense of usury is not substantiated by proper evidentiary data (cf. *Leumi Fin. Corp.* v. *Richter,* 17 N Y 2d 166; *Berger* v. *Milberg,* 28 A D 2d 978) and the plaintiffs are clearly entitled to summary judgment for the amount of the notes with unpaid interest at 6%. I would award them judgment accordingly.

STEVENS, P. J., CAPOZZOLI and NUNEZ, JJ., concur with BASTOW, J.; EAGER, J., dissents in opinion.

Order entered September 15, 1969 modified on the law and on the facts without costs and without disbursements, to the extent of providing that the denial of plaintiffs' motion for summary judgment be without prejudice to their right to renew the motion in Supreme Court, Queens County.

The appeal from the order dated August 25, 1969, as resettled and entered on September 15, 1969, is hereby dismissed as moot.