■ In the Matter of JACK RYBACK et al., Respondents. JOHN P. LOMENZO, as Secretary of State of the State of New York, Appellant.— Judgment, Supreme Court, New York County entered October 1, 1971, granting the petition by annulling the corporate merger of Stuyvesant Construction Corp. and Merback Realty Corp., and restoring the afore-mentioned corporations to the status they held on May 25, 1971, is reversed, on the law, the judgment vacated, and the respondent-appellant's motion for a change of venue to Albany County, Third Judicial District, is granted, without costs and without disbursements. Petitioner seeks to vacate a corporate merger which was effected by filing a certificate of merger with the Division of Corporations and State Records, in Albany. It is alleged that the merger was made through a mistake of fact and through petitioners' neglect and inadvertence, and that if the corporate merger is not annulled, severe adverse tax consequences will result. While petitioners label the proceeding as one invoking the court's general equity jurisdiction, it is nevertheless apparent that the proceeding seeks to compel the Secretary of State to perform a specific act. Such is acknowledged in the petition which requests a direction that the "Secretary of the State of New York * * * vacate and remove the certificate of merger filed on the 26th day of May, 1971 and to restore the constituent corporations Stuyvesant and Merback". Indeed, this prayer for relief was necessary, for without such action by the Secretary of State the Division of Corporations and State Records will continue to have on file the certificate of merger, which is "prima facie evidence", of the facts contained therein. (Business Corporation Law, § 106.) Clearly, therefore, the Secretary of State is a necessary party to the proceeding. Whether the proceeding is pursuant to CPLR (art. 4, special proceeding), or CPLR (art. 78, proceeding against body or officer), venue properly lies in Albany County, where the Secretary of State maintains his principal office. (CPLR 506, subd. [b]; 7804, subd. [b].) Therefore, Special Term should have granted the motion to change of venue. Neither of the dissenters disagrees with the conclusion that venue properly lies in Albany County. One of the dissenters, however, upon consideration of the merits, would dismiss the proceeding thereby depriving petitioner of any possibility of correcting what might be a manifest and unintended error. The other dissenter, also upon consideration of the merits, would leave standing the unauthorized act of Special Term in granting relief, thus casting upon respondent-appellant the burden of challenging that act. However, since venue should be changed to a county outside of this Department, this court should not, in the interest of "Orderly procedure and a proper regard for comity", consider the underlying merits of the application. (*Rosenblatt* v. *Sait*, 34 A D 2d 238, 239.) Concur — Markewich, Murphy and Tilzer, JJ.; Kupferman, J., concurs in part and dissents in part in a memorandum and McGivern, J. P., dissents in a memorandum as follows:

KUPFERMAN, J. (concurring in part and dissenting in part). I would affirm that part of the determination at Special Term which declared the nullity of the merger, and reverse that part which denied the request of the Secretary of State for a change of venue. Petitioners merged two wholly owned corporations, which for federal tax purposes was a substantial mistake. It sought equity relief to put the matter straight, and Special Term under its general equity jurisdiction (N. Y. Const., art. VI, § 7) granted the relief, in effect saying, although not in *haec verba*, "We have left undone those things which we ought to have done; and we have done those things which we ought not to

have done." (Book of Common Prayer.) And so he did it right. The Attorney-General on behalf of the Secretary of State did not really object to the conclusion, but rightly maintained that the matter should have been transferred to Albany County where the Secretary of State in charge of corporations is in residence. Now, if the Attorney-General's advice had been heeded, the powers of equity might well have been used to help the petitioner in Albany County. However, with the lapse of time, to interfere at this stage could cause the tax problem to reappear permanently. I would therefore transfer the matter in its present stage, with the determination of Special Term with respect to the corporations intact. The Secretary of State can then decide whether there is any reason to oppose the action in substance.

McGIVERN, J. P. (dissenting). I would reverse and dismiss the petition. I associate myself with the view expressed in the brief submitted by the Attorney-General, to wit: *"The Secretary of State and the Attorney General have maintained from the outset that the court had no power to grant the relief requested by the respondents or to make the order here appealed."* (Italics supplied.) As I read the cases, a corporate merger cannot be annulled by judicial fiat, and then the constituent elements of the former corporations immediately be recreated, remerged and restored to their pristine states, all by a flash of judicial prestidigitation. Certainly, not at the behest of a distressed taxpayer in order to afford real or imaginary tax relief — a desideratum, which at this point, has become moot, accepting, as we must, the representation of petitioner, that " the relief sought will be moot unless the same is granted prior to September 30, 1971 ". The Legislature not having provided a procedure for reconstituting merged corporations, the general equity powers of the court may not be stretched out to effectuate such a result. " Equitas sequitur legem ", the maxim reads, and the statutes not having provided the courts with the power to undo a merger and resurrect defunct corporations on the spot, Special Term erred when it granted the relief requested. (*Matter of Binghampton Gen. Elec. Co.,* 143 N. Y. 261; *Electric Bond & Share Co.* v. *State of New York,* 249 App. Div. 371, affd. 274 N. Y. 625.) That the corporation is a creature of the State, and that even the authority of the courts in dealing with dissolutions and mergers is founded in the statutes, and not in equity, has consistently been recognized. (*Matter of Dolgeville Elec. Light & Power Co.,* 160 N. Y. 500; *Beloff* v. *Consolidated Edison Co. of N. Y.,* 300 N. Y. 11, 19; *Matter of Binghampton Gen. Elec. Co., supra; Matter of Tarrytown, White Plains & Mamaroneck Ry. Co.,* 133 App. Div. 297; *Gutwirth & Erranate Homes* v. *Jacobowitz,* 81 N. Y. S. 2d 607.) And, unfortunately, the Legislature has not provided for a *nunc pro tunc* reconstitution of a deceased corporation in order to solve an *ad hoc* dilemma of a taxpayer. Thus, I agree with the majority opinion when it refers to " the unauthorized act of Special Term in granting relief ". It is not a matter of " depriving " the petitioner of rectification of an error. The statutes simply do not sanction the shortcut, permitted by Special Term, and countenanced by the majority. Thus, since there is no statutory support, nor precedents, to sustain Special Term, and time having mooted the controversy, I see no point in transferring an academic file to Albany, rigor mortis having already set in. And the Supreme Court, being a court of general State-wide jurisdiction, this court has the power to determine the basic question, and dismiss the petition, now. Settle order on notice.