Frank J. Pino, J.
The petitioner Herman Deutsch moves, pursuant to CPLR 2304, to quash or, in the alternative, to modify a subpoena duces tecum served upon the Woodcrest Nursing Home.
Petitioner is a resident of the County of Kings and one of the partners doing business under the style and trade name of Woodcrest Nursing Home.
The subpoena duces tecum dated March 27, 1975 was issued by Charles J. Hynes, Deputy Attorney-General, Special State Prosecutor, directing the Woodcrest Nursing Home, 119-09 26th Avenue, College Point, Queens, New York, to appear before the Deputy Attorney-General on April 4, 1975 at his office, 270 Broadway, New York, N.Y., as a witness in an inquiry into nursing homes, etc. being conducted pursuant to subdivision 8 of section 63 of the Executive Law of the State of New York and the Executive Order of Governor Hugh Carey dated February 7, 1975. The records to be produced by the witness were set forth in a schedule attached to the subpoena.
Petitioner alleges that on March 31, 1975 the subpoena was left in the administrator’s office of the Woodcrest Nursing Home. Respondent avers in his affidavit that the subpoena was personally served on one Joseph Moskowitz, a copartner of the petitioner, at the nursing home. No affidavit of service is attached to respondent’s papers.
It thus appears that the nursing home is in Queens County, the subpoena is alleged to have been served there, not on petitioner Deutsch but upon his copartner Moskowitz, and is returnable in New York County.
The initial contention of the Deputy Attorney-General is *683 that the venue of this motion is improper. He argues it should be brought in New York County and not Kings County which has "no interests in the proceedings”. It is also urged that the residence of the petitioner in Kings County affords no basis for making the motion in this court. CPLR 2304 reads: "A motion to quash, fix conditions or modify a subpoena shall be made promptly in the court in which the subpoena is returnable. If the subpoena is not returnable in a court, a request to withdraw or modify the subpoena shall first be made to the person who issued it and a motion to quash, fix conditions or modify may thereafter be made in the supreme court. Reasonable conditions may be imposed upon the granting or denial of a motion to quash or modify.”
This motion, involving a nonjudicial subpoena, is made pursuant to that section. The Deputy Attorney-General’s argument involves venue as distinguished from jurisdiction. The statute contains no provision with respect to venue.
The Practice Commentary to CPLR 2304 by Professor David D. Siegel (McKinney’s Cons Laws of NY, Book 7-B, C2304:4, p 220) states: "Venue of such a supreme court motion is not specified. It should be in a county appropriate to the facts. If the subpoena emanates from an administrative proceeding, it might be politic to bring the motion to quash in the supreme court in the county in which an article 78 proceeding would be appropriate under CPLR 506(b). There is no such requirement, of course, but the analogy seems reasonable.” CPLR 7804 (subd [b]) provides: "Where proceeding brought. A proceeding under this article shall be brought in the supreme court, special term, in the county specified in subdivision (b) of section 506”. CPLR 506 (subd [b]) reads as follows: "Proceeding against body or officer. A proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located”.
It is the court’s opinion that a motion to quash a subpoena is akin to an article 78 proceeding, is a special proceeding and should be brought in the county in which an article 78 proceeding would be appropriate (CPLR 7804, subd [b], 506, subd [b]). The proceeding is against an officer and the proper *684 county is where the matter sought to be restrained (issuance of the subpoena) originated, or the county where the principal office of the respondent is located.
Where, as here, the petition does not indicate that the material facts took place in this county, the venue is not properly laid in Kings County (Zorach v Clauson, 275 App Div 774, affg 86 NYS2d 17).
The papers submitted disclose that the nursing home is in Queens County, the subpoena duces tecum was allegedly served in that county upon petitioner’s copartner, and it is returnable at respondent’s principal office in New York County. Further, petitioner prior to instituting this proceeding, as required by statute, served a request to withdraw the subpoena upon the Deputy Attorney-General at his office in New York County.
Since this proceeding is against an officer, the mere residence of petitioner in Kings County is insufficient under the statute to make Kings County the proper venue for this motion.
Accordingly, the venue at this point properly lies in New York County and the motion is transferred to that Supreme Court. The Clerk of the Supreme Court, Kings County, is directed to transfer all pleadings and documents in this proceeding to the Clerk of the Supreme Court, New York County. This court has not considered the underlying merits of the application (see Matter of Ryback, 38 AD2d 915).