OPINION OF THE COURT
David Goldstein, J.
This is a motion for an order seeking alternate relief, dismiss *978 ing the complaint as barred, by the applicable Statute of Limitations or, pursuant to CPLR 507, changing the venue to Nassau County, where the real property, the subject of the action, is located.
The action seeks, inter alia, to rescind a mortgage and note relating to real property in Nassau County. Plaintiff, appearing pro se, candidly admits that, inasmuch as the present action does affect possession, use or enjoyment of real property, under the plain terms of CPLR 507, venue should have been placed in the county in which the real property is situated. (See, Avis Rent-A-Car Sys. v Edmin Realty Corp., 209 AD2d 656; Slutsky v Roc-Le Triomphe Assocs., 129 AD2d 879; Mochera & Catalano v Advanced Structures Corp., 104 AD2d 306.) Unfamiliar with the intracacies of practice and procedure, plaintiff apologizes for not having adhered to CPLR 507 and consents to the transfer of the action to the Supreme Court, Nassau County.
Defendants, however, contend that a change in the place of trial is sought only as alternate relief, should this court deny their motion to dismiss on Statute of Limitations grounds. To the contrary, it has long been held that, where venue is improper and a determination has been made to effect a change, principles of comity dictate that all motions be relegated to the transferee court. (See, Rosenblatt v Sait, 34 AD2d 238, 239; see also, Matter of Ryback, 38 AD2d 915; Seifert v McLaughlin, 15 AD2d 936; David v David, 21 NYS2d 468, affd 259 App Div 905.) As was held in Rosenblatt (supra), "Orderly procedure and a proper regard for comity mandate that once Special Term decided that venue should be changed to a county outside of this Department it should have relegated all motions to the transferee court.”
These decisions all concerned a transfer of a case to a county in a different judicial department, unlike the situation here, where transfer is sought to another county in the same department. The precise question does not appear to have been considered in any of the reported decisions. In terms of the underlying principles relating to the recognition or comity to be accorded judicial tribunals, whether the transferee court is within or without the judicial department is without dispositive effect. Certainly, it was not the intention of the Rosenblatt Court to accord greater respect and recognition to counties in a different judicial department, than to those in the same department.
*979 In my view, the underlying rationale has far greater application. It relates directly to the recognition and respect to be accorded any tribunal without the county and, to that extent, has jurisdictional underpinnings. Essentially, what lies at the heart of the exercise of jurisdiction is the awareness that, once it is determined that any further assertion of jurisdiction would be improper, and that a change in venue is appropriate, there ought to be no additional proceedings until after the transfer is effected. CPLR 511 (d) expressly so provides: "Subsequent proceedings shall be had in the county to which the change is made as if it had been designated originally as the place of trial, except as otherwise directed by the court.”
A contrary holding here would necessitate that this court pass upon the ultimate merits of an action which should not have been brought here in the first instance. As was aptly observed over 30 years ago by Mr. Justice Matthew M. Levy, in Mather v Ginsroe, Inc. (45 Misc 2d 674, 677), albeit involving the transfer, under CPLR 325 (c), from the Supreme Court to the Civil Court, "An action having been duly transferred to another court, this court has no further jurisdiction in that action in respect of motions or applications therein.”
In an analogous situation, it has been recognized that, where an action is dismissed upon the ground of forum non conveniens (CPLR 327), on a holding that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties, alternate grounds or bases for dismissal should not be considered. Such matters should more appropriately be reserved to the courts of the State found to be the more convenient forum and should be raised following such transfer. (See, Bader & Bader v Ford, 66 AD2d 642, 643, 648, appeal dismissed 48 NY2d 649.)
The very same principle applies here. Once it has been determined that the action properly lies elsewhere, it is not for this court to pass upon the underlying merits — that is a matter to be relegated to the transferee court.
Accordingly, the motion is granted to the extent of directing a change of venue to the Supreme Court, Nassau County. The balance of the motion to dismiss is respectfully referred to the transferee court or, if so advised, may be renewed in that court following transfer of the action in accordance with the order to be settled hereon.