[Civ. No. 5301.   Second Appellate District, Division Two.—March 15, 1927.]

# CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. ANNA C. VICKERS et al., Defendants; LEO V. YOUNGWORTH, Respondent.

[1] Condemnation of Land—Eminent Domain—Costs—Experts—Fees—Constitutional Law.—Fees of experts for testifying upon the value of real property for a defendant in an action in eminent domain, which are in excess of amounts payable to witnesses under the law as "witness fees" and for mileage, are not collectible as costs, and a denial of a recovery of such fees does not, in effect, reduce the amount to be paid to defendant under a decree of condemnation so as to constitute a violation of section 14 of article I of the constitution, inhibiting the taking of private property for public use without just compensation.

[2] Id. — Definition of Costs — Statutory Construction. — There is no legislative declaration in this state as to the meaning of the word "costs," and the import of the word, as used in sections 1022, 1025, and 1225 of the Code of Civil Procedure, is not broad enough to include fees paid to experts in condemnation proceedings in excess of the ordinary and usual costs attending trials and allowed under statutory provisions.

---

(1)  20 C. J., p. 1145, n. 70.

2.  See 7 Cal. Jur. 283.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to tax costs. Hugh J. Crawford, Judge Presiding. Reversed, with directions.

The facts are stated in the opinion of the court.

Jess E. Stephens, City Attorney, and Donald M. Keith, Deputy City Attorney, for Appellant.

Youngworth, McClean & Hartman for Respondent.

WORKS, P. J.—This action involves the exercise of the right of eminent domain. Decree of condemnation having gone for plaintiff, defendant Youngworth filed a memorandum of his costs and disbursements, whereupon plaintiff filed its notice of motion to tax the costs. Upon the motion coming on to be heard the trial court made its order denying it. From this order plaintiff appeals.

The items of the cost bill to which exception was taken showed the payment of fees to certain experts upon the value of real property, in compensation for their time expended in testifying for respondent. These fees were in addition to and much in excess of amounts payable to witnesses under the law as "witness fees," strictly so-called, and for mileage. Respondent contends that the charges of the experts for testifying are collectible as "costs," for the reason that to deny to him a recovery of them would be to lessen the amount awarded to him for his lands by the condemnation decree. The result, so he says, will be a violation of the constitutional inhibition against the taking of private property for public use without just compensation. Appellant contends that the charges are not collectible as costs at all.

[1] We must say at the outset that we cannot agree with the contention of respondent in its fullness. It is the rule as to litigation other than that involving the exercise of the right of eminent domain that the right to recover costs is purely statutory (*People* v. *Feraud,* 45 Cal. App. 765 [188 Pac. 843]). And it has been said in a condemnation case: "The word 'costs,' when used in relation to the expenses of legal proceedings, means the sum prescribed by law as

charges for the services enumerated in the fee-bill'' (*City of St. Louis* v. *Meintz,* 107 Mo. 611 [18 S. W. 30]). Another court has remarked in a proceeding of a similar nature: ''This claim [for the fees of experts] was disallowed on the ground that the act of assembly, in providing that in a proceeding such as this all costs shall be paid by the municipal corporation, had in contemplation only such costs as may be legally taxed in the ordinary action, and not those expenses which a party to the cause may have incurred. We entertain no doubt whatever as to the correctness of this conclusion. The word 'costs,' as used in this connection has a fixed and definite meaning, viz., costs authorized by statutes'' (*In re City of Pittsburgh,* 243 Pa. 392 [52 L. R. A. (N. S.) 262, 90 Atl. 329]). In a condemnation case which came before our own courts a defendant included in his cost bill items of the counsel fees paid by him in conducting his defense. On a motion to tax the trial court struck out the items in question, and on appeal the very ground was taken which is urged by respondent here. The court, according to the syllabus in the report, which is a fair statement of the effect of a portion of the opinion, decided: ''The 'just compensation' to which the owner of property is entitled under section 14 of article I of the Constitution in proceedings in eminent domain, does not include reasonable disbursements made by him for attorneys at the trial; it has reference to the value of the property taken and the damage to property not taken, and nothing more.'' The court said in the opinion, also: ''It frequently has been held that costs are recoverable only by virtue of some statute'' (*Pacific Gas & E. Co.* v. *Chubb,* 24 Cal. App. 265 [141 Pac. 36]). This case appears to be exactly in point upon the question which respondent makes as to his rights under the constitution. It is true that the decision relates to attorneys' fees as costs, but expenditures made to lawyers for the defense of a condemnation suit and fees paid to experts for their testimony stand in the same category in so far as it may be contended that payment of the latter reduces, in effect, the amount to be paid to a defendant under decree of condemnation. We think the point made under the constitution is without merit.

It yet remains to decide whether, under the statutes of this state, respondent was entitled to judgment for the items of alleged costs which he claimed and which the trial court

allowed him; and in determining this question it is to be observed that there is no contention that the experts who testified for respondent were appointed by the court. They were apparently of respondent's own selection.

Section 1022 of the Code of Civil Procedure provides that "costs are allowed of course to the plaintiff, upon a judgment in his favor," in certain specified actions, among which are not included those commenced for the purpose of condemning real property under the exercise of the right of eminent domain. It is provided in section 1025 of the same code that in actions other than those mentioned in section 1022 "costs may be allowed or not, . . . in the discretion of the court . . . " These two sections are found in a chapter of the code entitled "Costs." Section 1255 of the same code, contained in a "Title" which is headed "Eminent Domain," so far as its language is material here, is identical with section 1025.

[2] .There is no legislative declaration in this state as to the meaning of the word "costs" (7 Cal. Jur. 280), but that word has a generally accepted meaning throughout the country. The import of the word, we think, is not broad enough to include such items as the trial court here allowed to respondent. Our research has uncovered but one case (*In re Commissioners of Palisades Park*, 83 Misc. Rep. 186 [144 N. Y. Supp. 782]), in which it has been decided that the fees of experts are properly chargeable as costs. The decision was rendered under a ruling of the trial court which had allowed them. The ruling was based, however, upon a special statute relating to proceedings in eminent domain and which provided that the court should tax and allow as costs "such costs, fees and expenses to the commissioners of appraisal and other persons performing any legal duty in the premises," as the court "shall think equitable and right." It would appear that the appellate court's construction of the special statute, which was different from our legislative enactments in material particulars, was eminently proper. There are decisions from several states to the effect that fees paid to experts in condemnation cases are not included in the word "costs." Some of the cases from these states are *City of St. Louis* v. *Meintz, supra; In re Grade Crossing Commrs.*, 19 Misc. Rep. 230 [43 N. Y. Supp. 1073]; *In re*

*Rapid Transit Commrs.*, 103 App. Div. 530 [93 N. Y. Supp. 262]; *In re City of Pittsburgh, supra.*

It has been determined in *Bathgate* v. *Irvine,* 126 Cal. 135 [77 Am. St. Rep. 158, 58 Pac. 442], that in an action to quiet title fees paid to experts may not be allowed as costs. The taxation of costs in such actions is regulated by the provisions of section 1025 of the Code of Civil Procedure; but section 1255, relating to condemnation proceedings, is cast in the same language as section 1025. It would seem, therefore, that as the fees of experts are not allowable under the latter section, they cannot be allowable under section 1255. It is said in the opinion in *Pacific Gas & E. Co.* v. *Chubb, supra,* that the costs referred to in section 1255 "are the ordinary and usual costs attending trials and allowed under statutory provisions." Respondent insists that this remark was not necessary to a decision of the case. Whether this contention be tenable, we do not say. We think, at any rate, that the remark is a correct statement of the law.

In considering the questions presented by this appeal we have examined *San Diego Land & T. Co.* v. *Neale,* 88 Cal. 50 [11 L. R. A. 604, 25 Pac. 977], *San Francisco* v. *Collins,* 98 Cal. 259 [33 Pac. 56], and *City of Oakland* v. *Pacific Coast L. & M. Co.,* 172 Cal. 332 [Ann. Cas. 1917E, 259, 156 Pac. 468].

Order reversed, with directions to the trial court to strike from the cost bill the following items: J. B. Vaille, $25; S. O. Walker, $34.25; R. H. Gast, $160; O. L. Sponsler, $150; W. J. Weir, $150; E. S. Butterworth, $100; W. G. Stewart, $100; G. G. Johnson, $125; Arthur R. Mass, $166.50; Thomson-Slavin Co., $9; Stagg Photo Co., $1.50; Langdon Photopress Co., $12.30.

Craig, J., and Thompson, J., concurred.