[Civ. No. 7193. Second Appellate District, Division Two.—September 28, 1932.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. W. H. CLAY et al., Defendants; HELEN WORSHAM PRESCOTT, Respondent.

[Civ. No. 7194. Second Appellate District, Division Two.—September 28, 1932.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. W. H. CLAY et al., Defendants; HORTENSE ROMERO, as Executrix, etc., et al., Respondents.

[Civ. No. 7195. Second Appellate District, Division Two.—September 28, 1932.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. W. H. CLAY et al., Defendants; WILLIAM LOCH WILLIAMS, Respondent.

Erwin P. Werner, City Attorney, Frederick Von Schrader, Assistant City Attorney, and Arthur W. Nordstrom and C. N. Perkins, Deputies City Attorney, for Appellant.

Noland M. Reid, City Attorney (Long Beach), and Edmund J. Callaway, Deputy City Attorney, as *Amici Curiae* on Behalf of Appellant.

Hill, Morgan & Bledsoe and Tanner, Odell & Taft for Respondents.

Chase, Barnes & Chase, Meserve, Mumper, Hughes & Robertson and Timon E. Owens, as *Amici Curiae* on Behalf of Respondents.

CRAIG, Acting P. J.—Three cases were consolidated upon appeal by the City of Los Angeles from orders denying motions to tax costs in eminent domain proceedings, following the dismissal thereof after trial.

The principal question presented necessitates an interpretation of section 1255a of the Code of Civil Procedure relating to witness' fees. It is therein provided: "Upon such abandonment, express or implied, on motion of the defendant, a judgment shall be entered dismissing the proceeding and awarding the defendant his costs and disbursements, which shall include all necessary expenses in-

curred *in preparing for trial* and reasonable attorney fees.''
The appellant excepted to the allowance of fees to expert
witnesses who had appraised the designated properties and
who were called by the respondents to testify as to values.
It is contended that these are not proper taxable items for
the reason that said witnesses were not appointed by the
court, but were employed by the defendants.

It has been determined that the fees of expert witnesses
in condemnation proceedings are not authorized under sec-
tions 1022, 1025 and 1255 of the Code of Civil Procedure
which relate to ''costs''. (*City of Los Angeles* v. *Vickers*,
81 Cal. App. 737 [254 Pac. 687].) As there said, adopting
the language of another court: '' 'The word ''costs'', when
used in relation to the expenses of legal proceedings, means
the sum prescribed by law as charges for the services
enumerated in the fee-bill.' '' It contemplates only such
*costs* as are authorized by statute. Said section 1255a of
the Code of Civil Procedure provides that upon abandon-
ment of proceedings in eminent domain before the expira-
tion of thirty days after final judgment the defendant may
have his *necessary* expenses incurred in preparing for trial.

Section 1871, embraced in title I, part 4, of the same
code, wherein the legislature established ''general principles
of evidence'', empowers the trial court in any proceeding,
civil or criminal, to appoint and fix the compensation of
expert witnesses whenever it shall be made to appear that
their evidence is or will be required by the court or any
party to the action. Said section further plainly states,
however, that: ''Nothing contained in this section shall be
deemed or construed so as to prevent any party to any
action or proceeding from producing other expert evidence
as to such matter or matters, but where other expert wit-
nesses are called by a party to an action or proceeding they
shall be entitled to the ordinary witness fees only and such
witness fees shall be taxed and allowed in like manner as
other witness fees.'' The respondents seek to bring the
case within the rule heretofore announced that such a pro-
ceeding as the instant one ''is so differentiated from the
ordinary actions or proceedings in a court of justice . . .
as to bring it within the settled test justifying the assign-
ment of the proceeding to a particular class for the pur-

pose of reasonable provisions not applicable to other classes of actions." (*City of Los Angeles* v. *Cline,* 40 Cal. App. 487 [181 Pac. 78].) The decisions so cited relate only to attorneys' fees, which are expressly made allowable in proper cases by section 1255a of the Code of Civil Procedure. We are cited to no authority which can be said to justify the conclusion that section 1871 is not applicable here, or that a party has the power which is elsewhere vested in the court to determine what expert evidence may be required and thus to include the cost thereof as a necessary expense in preparing for trial. We have no doubt that this section does apply to condemnation proceedings and that it was intended by the legislature to provide means for a fair and complete ascertainment of facts involved, in this as well as any other proceeding wherein its provisions are used. We conclude that the charge made. for expert witnesses other than as ordinary witnesses should be disallowed the more readily because as to such expenses section 1871 entirely safeguards a defendant in condemnation proceedings from loss in case of abandonment by the plaintiff. Under its provisions it is only necessary that a party who desires to use experts should satisfy the court of this necessity and secure an order appointing one or more such witnesses and allowing reasonable and proper compensation for their services. It cannot be assumed, contrary to the admissions of all parties to the present appeals that the witnesses in question were not such as were entitled "to the ordinary witness fees only". It is conceded by the respondents that their experts were called by them, and their category having been defined by legislative enactment, it does not permit of another characterization by judicial interpretation.

█ It is contended that an item of attorneys' fees, being more than the amount at which the defendant's property was appraised, was excessive, and that the trial court abused its discretion in allowing the same. It is not contended, however, that such fees were unreasonable for whatever services the trial court found to have been rendered, nor is any authority cited tending to make the ground assigned a basis for denying or reducing the compensation adjudged as reasonable.

It is ordered that the judgment for witnesses' fees be modified as indicated herein, and as so modified, the judgment is affirmed.

Thompson (Ira F.), J., concurred.

STEPHENS, J., *pro tem.*, Dissenting.—I dissent.

I do not think the citation of cases on the general question of costs is helpful in this case. Section 1255a of the Code of Civil Procedure is unmistakably a statute applying alone to cases in which the extraordinary power of eminent domain is sought to be exercised. It recognizes the limited meaning of "costs and disbursements" and specifically adds to the ordinary cost bill disbursements "which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees." The legislature evidently did not consider that the usual allowance of "costs and disbursements" to the winning party properly covered the situation described in 1255a, *supra*, so it proceeded to provide specifically therefor. There is sound reason for this legislation. Too often ambitious municipalities have pushed condemnation proceedings to judgment only to abandon them before paying out the money when the values exceeded the engineering estimates. That the ordinary cost bill fell far short of making the property owner whole is obvious.

I think the evident purpose of section 1255a of the Code of Civil Procedure is disregarded in the main opinion, for it holds that section 1871 of the Code of Civil Procedure in a large measure supersedes section 1255a. If this is a proper interpretation it cuts the very heart out of the latter section. It is my opinion that the purposes of these two code sections are entirely different.

Section 1871 is a permissive statute. Either one or all parties may or may not act under it. If a party acts under it the court selects and appoints the experts and the fee is taxed as costs. If the party does not act under it he selects his own experts and pays them except for the small witness fee. A party has a perfect right to take either course according to his own judgment and it is entirely beyond my comprehension how this choice can or does affect the "neces-

sary expenses in preparing for trial.'' Respondents here chose to select their own experts. Under 1255a if the experts were ''necessary'' their reasonable fee must be repaid by the plaintiff if it abandons its case. Bear in mind that section 1871 is a general statute applying to all cases within its scope except cases specially covered by other statutes. Section 1255a is a special statute enacted to right occurring wrongs in condemnation proceedings. Sections 84, 85 and 86, California Jurisprudence, volume 23, treating respectively, ''Presumption against Repeal by Implication'', ''Identity of Subject and Object'', and ''Inconsistency and Repugnancy'', may be read in this connection with profit.

Expert testimony is constantly being criticised by the courts, but where technical knowledge is required it seems there is no better way to get it than from men learned in the particular line of information needed. Despite the abuses, I know of no better way to arrive at the truth than through the sworn testimony of men who have prepared the details of a case in which they are called to testify and to submit themselves to cross-examination. That a man's property should be taken from him for a compensation estimated by a witness chosen for him and with whom he has no right to confer, and by a witness whose extent of examination of the property and the elements that affect its value he has no right to know until the witness reaches the witness-stand, is monstrous. It is entirely foreign to our system of jurisprudence. And yet this is the logic of every scheme for judicial selection of experts. No party should ever be required to have his case affected by judge chosen witnesses. Section 1871, according to the main opinion, effectually says to every property owner, in an eminent domain case, ''Let the judge appoint your experts or you cannot have their fees repaid you in case the plaintiff abandons the case.'' I cannot agree with this conclusion and I have a suspicion of its constitutionality if this conclusion is a correct one. The trial judge should have decided whether or not the expert witnesses employed by respondents were necessary, and if they or any of them were necessary he should have fixed a reasonable compensation for them and included the same in the costs allowed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 28, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1932.