[Civ. No. 5092.   Third Appellate District.—June 6, 1934.]

CITY OF LONG BEACH (a Municipal Corporation), Appellant, v. MAY E. ANDERSON et al., Defendants; EDISON SECURITIES COMPANY (a Corporation), Respondent.

Nowland M. Reid, City Attorney, and Edmund J. Callaway, Deputy City Attorney, for Appellant.

Roy V. Reppy, E. W. Cunningham and George H. Koch for Respondent.

THOMPSON, J.—The plaintiff has appealed from an order refusing to retax costs in this condemnation suit in which the respondent was allowed ''necessary expenses incurred'' in preparation for the trial, including the cost of securing the services of an expert witness.

In this suit in eminent domain, judgment was rendered in favor of the plaintiff for the condemnation of real property. After the rendition of judgment the proceedings were abandoned by the plaintiff pursuant to the provisions of section 1255a of the Code of Civil Procedure. A judgment of dismissal was accordingly entered in which the defendants were allowed expenses incurred in preparation for the trial in the sum of $258.40 as evidenced by a memorandum of costs therefor which was duly filed as provided by section 1255a, *supra*. This memorandum of costs contained an item of $100 for the services of an expert witness employed to appraise the property. The reasonableness of the amount of this item is not questioned. The plaintiff subsequently moved to retax costs by eliminating this item for expert witness fees on the ground that it was illegally allowed, since no order of court was procured under section 1871 of the Code of Civil Procedure for the appointment of the expert witness. The motion to retax costs was denied.

The appellant contends that an order of court appointing an expert witness under the provisions of section 1871 of the Code of Civil Procedure is an essential prerequisite to the allowance of such necessary expenses in preparation for the trial of a condemnation suit which had been abandoned pursuant to the provisions of section 1255a of the same code.

Section 1255a of the Code of Civil Procedure as it then existed provided in part:

''Plaintiff may abandon the proceedings [in eminent domain] at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on defendant and filing in court a written notice of such abandonment; and failure to comply with section 1251 of this

code shall constitute an implied abandonment of the proceedings. Upon such abandonment, express or implied, on motion of defendant, a judgment shall be entered dismissing the proceeding and awarding the defendant his costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. . . . ''

With respect to the appointment and compensation for the services of expert witnesses, section 1871, *supra,* provides in part:

''Whenever it shall be made to appear to any court or judge thereof, either before or during the trial of any action or proceeding, civil or criminal, pending before such court, that expert evidence is, or will be required by the court or any party to such action or proceeding, such court or judge may, on motion of any party, or on motion of such court or judge, appoint one or more experts to investigate and testify at the trial of such action or proceeding relative to the matter or matters as to which such expert evidence is, or will be required, and such court or judge may fix the compensation of such expert or experts for such services, . . .

''Nothing contained in this section shall be deemed or construed so as to prevent any party to any action or proceeding from producing other expert evidence as to such matter or matters, but where other expert witnesses are called by a party to an action of [or] proceeding they shall be entitled to the ordinary witness fees only and such witness fees shall be taxed and allowed in like manner as other witness fees.''

It has been held that expert witness fees may not be allowed in a condemnation case in the absence of an order of court appointing the witness as required by section 1871 of the Code of Civil Procedure. Costs of suit may be allowed only to the extent and in the manner authorized by statute. The exact question which is involved on this appeal was determined adversely to respondents in the condemnation case of *City of Los Angeles* v. *Clay,* 126 Cal. App. 465 [14 Pac. (2d) 926], in which a hearing was denied by the Supreme Court.

Since no order of court was procured for the appointment of the expert witness whose compensation is involved in the

present case, under the authority of the case above cited the court was in error refusing to retax costs by eliminating therefrom the expert witness fees. All that the witness is entitled to recover as compensation for his services are the fees which are allowed to an ordinary witness.

The order is reversed, with direction to the court to retax costs in accordance with the foregoing rule of law.

Pullen, P. J., and Plummer, J., concurred.