[L. A. No. 16507. In Bank. Mar. 15, 1944.]

THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA, Respondent, v. E. BENNETT ADAMS et al., Defendants; LAWRENCE HOLMES et al., Appellants.

THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA, Respondent, v. LAWRENCE HOLMES et al., Appellants.

Miguel Estudillo, Oliver O. Clark, Robert A. Smith and C. L. McFarland for Appellants.

James H. Howard and Charles C. Cooper, Jr., for Respondent.

EDMONDS, J.—During the trial of a consolidated condemnation action, a compromise was reached providing for an abandonment of the litigation insofar as compensation was sought by Lawrence and Gertrude E. Holmes, two of the property owners, for any minerals lying 300 or more feet below the surface of the ground. By this agreement, there was eliminated from further consideration the value of mineral deposits upon the Holmes property.

After judgment was rendered, Holmes and his wife filed cost bills claiming a total amount of about $13,000 for the fees and expenses of four mining experts. Concededly, the persons named in these cost bills are qualified to advise upon the extent and value of the tin ores which, the Holmes alleged, underlie their land. The cost bills show a total of about $4,000 charged for compensation and expenses of the experts as witnesses in court. Approximately $9,000 is included for the same persons as compensation and expenses other than as witnesses in court. Upon motion, the trial court refused to tax any of these items and the property owners have appealed from the order to that effect.

The appellants assert that because there is little or no tin mined in the United States and it is difficult to obtain information concerning the tin industry, they had to expend large sums for a study of geological conditions and data concerning the comparability of their deposits to those in Bolivia and Cornwall, from which the world's tin supply has been obtained for centuries. All of the experts employed by them appeared as witnesses, but the appellants claim the right to recover the total amount of their cost bills as "necessary expenses incurred in preparing for trial" of a condemnation action. The respondent takes the position that the fees and expenses of an expert witness employed by a property owner to testify in court or for work done outside of court, are not

taxable as costs. Further, says the respondent, the trial court determined that the persons for whom compensation and expenses are claimed were employed as witnesses and not as investigators or assistants to counsel, and its order is conclusive upon appeal.

Section 1255a of the Code of Civil Procedure provides that condemnation proceedings may be abandoned and "upon such abandonment, express or implied, on motion of any party, a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. . . ." Section 1871 of the same code, a general statute, empowers the trial court in any proceeding, civil or criminal, to appoint and fix the compensation of expert witnesses whenever it appears that their evidence will be required by the court or any party to the action, and further specifies: "Nothing contained in this section shall be deemed or construed so as to prevent any party to any action or proceeding from producing other expert evidence as to such matter or matters, but where other expert witnesses are called by a party to an action or proceeding they shall be entitled to the ordinary witness fees only and such witness fees shall be taxed and allowed in like manner as other witness fees."

According to its minute order, the trial court disallowed all amounts claimed for the fees or expenses of the experts "on the grounds set out in the decision" of *City of Los Angeles* v. *Clay*, 126 Cal.App. 465 [14 P.2d 926], and of *City of Los Angeles* v. *Los Angeles-Inyo Farms Co.*, 134 Cal.App. 268 [25 P.2d 224]. Clearly the court determined no issue of fact. But the Clay case is in point only as to the right of a property owner to recover for the compensation and expenses incurred in behalf of a witness who testified as an expert. It was there correctly held that section 1871 of the Code of Civil Procedure applies to a condemnation action, and to be entitled to an award as costs for the expense of an expert witness, a party must secure, in advance of the trial, an order in the form specified by that statute.

The second decision relied upon by the trial court, *Los Angeles* v. *Los Angeles-Inyo Farms Co., supra,* is likewise inapplicable to the facts of the present action. In that case a condemnation action was abandoned before trial. The prop-

erty owner claimed as costs the fees of expert witnesses who were to testify had the litigation continued. Upon the authority of the Clay case the amount was disallowed, but in reaching that determination the District Court of Appeal failed to distinguish between the situation of a property owner who seeks an allowance for, as stated in the statute, "all necessary expenses incurred in preparing for trial" and one who includes as taxable costs the fees and expenses of experts called by him without an order of court as contemplated by section 1871 of the Code of Civil Procedure. The decision in the Los Angeles-Inyo Farms Co. case, so far as it concerns the right to tax as costs the compensation of persons employed in preparing for trial, is therefore disapproved.

The quoted sections of the Code of Civil Procedure define with particularity the right of a litigant to recover as costs the expense incurred in obtaining and presenting what is termed "expert evidence." The statute concerning condemnation actions recognizes that one who owns property sought to be condemned, upon abandonment of the action, should be reimbursed for "all necessary expenses incurred in preparing for trial" as well as for "reasonable attorney fees." In such an action, for the purpose of procuring evidence tending to show the value of the land proposed to be taken, it may be necessary for the property owner to consult one having expert knowledge of its peculiar characteristics. Whether such advice is necessary presents a question of fact for the trial court to determine. Upon a finding that the property owner acted in good faith to obtain information without which he could not properly have protected his property rights, the reasonable expense incurred by him is taxable as costs.

But when the expert is called to testify in the action, the property owner's right to recover for witness fees or expenses incurred in connection with the giving of testimony is governed by section 1871 of the Code of Civil Procedure. In the absence of an order of appointment, the statute expressly provides, only the statutory fees shall be recoverable. In each of two cases relied upon by the respondent, *City of Long Beach* v. *Anderson,* 139 Cal.App. 130 [33 P.2d 875], and *City of Long Beach* v. *Anderson,* 139 Cal.App. 789 [33 P.2d 876], the statute was applied and an order disallowing an amount charged for the services of an expert witness was affirmed. Although in reaching its determinations the District

Court of Appeal erroneously cited the Clay case as authority, the conclusion that, without an order of court, a party may not recover for the services of a person who testified as an expert, was correct.

Because the trial court made no order appointing as an expert any one of the four persons for whom compensation is claimed by Mr. and Mrs. Holmes, there can be no recovery for amounts paid or incurred as the expense of expert witnesses. But the appellants are entitled to recover the reasonable value of services rendered to them in preparing for trial, including the expenses of the persons performing such services.

As to the items charged for the compensation and expense of experts in connection with their appearance and testimony upon the trial of the action, the order is affirmed; as to the items charged for the compensation and expenses of the named experts out of court, the order is reversed, with directions to determine what amounts, if any, were necessarily incurred in preparing for trial, and to tax costs accordingly. The appellant shall recover costs upon this appeal.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Schauer, J., concurred.