[Civ. No. 15484. First Dist., Div. Two. Aug. 3, 1953.]

LAGUNA SALADA UNION ELEMENTARY SCHOOL DISTRICT, Respondent, v. PACIFIC DEVELOP-MENT COMPANY (a Corporation) et al., Defendants; ROY A. JONES et al., Appellants.

‎Eli D. Langert, Norman S. Menifee and Antonio J. Gaudio for Appellants.

Louis B. DeMatteis, District Attorney (San Mateo), and Keith C. Sorenson, Assistant District Attorney, for Respondent.

DOOLING, J.—This is an appeal by two property owners from a judgment and decree in a condemnation action instituted against appellants by the school district. Two lots owned by Jones were condemned and one owned by Schroyer. Jones owned other contiguous land for which severance damages were sought. The jury awarded Jones $700 for his two lots and no severance damages. It awarded $150 to Schroyer for his one lot.

The trial was set for June 11, 1951. A motion for change of venue was made by both parties and a motion for an order of court appointing expert witnesses was made by Schroyer. Trial was continued to June 18th and the motions were denied on that day. Appellants complain of the denial of the motion to appoint expert witnesses. When the trial began the order of proof was ordered to be as follows: first, defendants would put in their evidence of value, second, plaintiff would put in its evidence of value, third, plaintiff would put on its prima facie case, including public good and necessity after the verdict as to value. Appellants complain of this order of proof. The next four complaints concern certain rulings on the evidence, including the court's ruling that the jury would not view the premises. An objection is made to an instruction given, to misconduct of the court in allegedly forcing a hurried verdict, to the denial of the motion for new trial and that the evidence is insufficient to sustain the verdict.

The motion for the appointment of expert witnesses was made by Schroyer only on affidavit of his attorney. The affidavit alleges that affiant had been told that if the verdict were over $1,000 plaintiff would abandon the action. This is denied in the counteraffidavit. It was further alleged that the property of Schroyer was valued at $7,500 but that the highest offer was $350 and that this variance required the testimony of experts, but if experts were hired by defendant and a low award were made defendant would be deprived of the value of his award. The necessity of experts was denied in the counteraffidavit for the reason that the defendants themselves could properly testify as to value and if they had to pay for experts that was an expense that defendants properly and customarily bear. ▮ The section upon which this motion was based reads in part ''Whenever it shall be made to appear to any court or judge thereof, either before or during the trial of any action . . . that expert evidence is, or will be required by the court or any party to such action or proceeding,

such court or judge may, on motion of any party, or on motion of such court or judge . . . appoint one or more experts . . .." (Code Civ. Proc., § 1871.) Condemnation actions are within the purview of the section. (*City of Los Angeles* v. *Clay*, 126 Cal.App. 465 [14 P.2d 926].) ▮ The section confers no absolute right on a party to have an expert appointed; it gives the court discretion. (*People* v. *Rickson*, 112 Cal.App. 2d 475 [246 P.2d 700].) In the last cited case the court said at page 479: "Defendant had full opportunity to examine the expert witness who testified as to his competency and ability. The trial court properly concluded that further expert testimony was not needed to enlighten the court as to the facts. Defendant produced a witness who testified on the subject. In view of all the surrounding facts, no abuse of discretion appears." In *City of Daly City* v. *Smith*, 110 Cal.App.2d 524, 533 [243 P.2d 46], the court in a condemnation action said: "Certainly it is not the law that whenever the parties' experts radically differ on the issue of value, the court must, as a matter of law, appoint experts." Although a defendant may be awarded only a small sum for his property, he may also be awarded a large sum and the court, at the time the motion was made, had no way of telling how much would eventually be awarded and thus no way of telling what proportion the cost of experts would be to the total award. ▮ Appellants also point out that the plaintiff might abandon the case if a large award were made and thus defendants would have to pay their costs for their own experts. This difficulty, however, is alleviated to a great extent by the fact that their costs in preparing for trial are collectible, and this includes the preparations made by their experts, which are a large percentage of an expert's fees. (*Metropolitan Water Dist.* v. *Adams*, 23 Cal.2d 770 [147 P.2d 6].) This argument would be equally good in any condemnation suit, thus requiring, if it were a good argument, the appointment of experts in all such cases. As the court said in the Daly City case, "If that were so (the argument as to differences between party employed experts) such experts would have to be appointed in practically every case where expert evidence is admissible. The point is without merit." It would appear that the point is without merit here also.

▮ We find no error in requiring the case as to value of the property to be heard before the condemnor put on its prima facie case. Appellants' first argument that if they could show, as an initial matter, that there was no necessity for the

improvement they would not have had to go to the expense of employing experts, is answered by the fact that the court did find necessity. This question was thereby rendered moot. The only matter for the jury in condemnation cases is the question of value or compensation. (*People* v. *Ricciardi*, 23 Cal.2d 390 [144 P.2d 799].) All else is to be tried to the court. Hence, appellants cannot complain that they were unable to cross-examine as to necessity or power to condemn before the jury as the jury is not required to hear these matters. Nevertheless appellants' second argument on this matter is that the manner in which the improvement is to be constructed is relevant to the question of severance and consequential damages. Apparently appellants contend that they could in no way get in the evidence of the nature and type of improvement planned except by plaintiff first putting on the prima facie case. If appellants contended that the nature of the improvements would increase their consequential damages, the burden was on them to prove it. Although the matter may have been within the singular knowledge of plaintiff there is always a remedy by Code of Civil Procedure, section 2055. It has been held that it is proper (or at least not controllable by prohibition proceedings) for the court to reserve the question of necessity until after the verdict of the jury on compensation. The only condition, or reservation, is that the jury must have sufficient information to conclude as to compensation. (*Beaulieu Vineyard* v. *Superior Court*, 6 Cal.App. 242 [91 P. 1015].) The court's dictum in that case is that such procedure is "not even erroneous, much less in excess of jurisdiction."

Appellants' witness Riley had testified to his qualifications as a realty appraiser but that he had little experience in the area under consideration. He looked over the area and found no shopping area, for which there was a need. He told his method of arriving at what he considered the highest and best use. He made inquiries of certain parties and found comparable sales. On this basis he formed an opinion of high values. It is elementary that such testimony is entitled only to the credit that can be attached to the expert's knowledge of the area in which the subject lots are situated. There is great liberality in testing such an expert's knowledge and a wide discretion in the trial court. (*Santa Ana* v. *Harlin*, 99 Cal. 538 [34 P. 224].) This is simply a matter of impeachment (*Reclamation Dist. No. 730* v. *Inglin*,

31 Cal.App. 495 [160 P. 1098]) and questions on other sales, other assessments and other specific facts are proper solely for this purpose (*City of Los Angeles* v. *Cole*, 28 Cal.2d 509 [170 P.2d 928]). In spite of these rules appellants claim that the following questions were not proper. ▆▆ While testing the expert's knowledge of the area, the cross-examiner asked "Do you know that in 1946 Ray Jones (a defendant) purchased on time under a deed of trust over 900 of those lots in the Edgemar area? A. I wouldn't know the figures, no, sir. Q. Do you know that approximately four years later he lost—— Mr. Cutler: If your Honor please, I will object to the question as to what Ray Jones did, unless the relevancy is indicated. Mr. Sorenson: I am attempting, if I may, to show, to find out if Mr. Riley investigated the history of the lots in the immediate area to show a development, to determine whether he really knows what the stage of development in that area is with reference to the needs for a commercial district." It was allowed with the condition that an instruction would later be given limiting its purpose. Then a question was asked whether the witness knew that Jones had lost 800 of the lots by foreclosure. The witness did not know. Whether the lots were valuable for development might be affected by the fact that they were being foreclosed, and hence the question was relevant. Whether the witness knew of such a large transaction would be proper impeachment. The jury was instructed on impeaching evidence, contrary to appellants' claim.

Appellants' next argument refers to the propriety of excluding evidence of defendants' witness Puolis, an expert, not on real property, but on supermarkets (defendants throughout contended that the highest and best use was for a supermarket). ▆▆ It is true that evidence of a proposed use may be relevant in some cases, not to enhance damages but merely to show that the plan is feasible and, as such, might enter into a determination of the market value. (*City of Daly City* v. *Smith, supra,* 110 Cal.App.2d 524.) But this is far from saying that evidence of the profit, method of operation, costs, etc., of the proposed plan is admissible. It is not even relevant, laying aside the collateral problems it would raise, at least once testimony is in that the proposed plan would be the highest and best use. And defendants' witness Riley had already testified to this. He was the expert on realty, not Puolis. (See *People* v. *Al. G. Smith Co. Ltd.,* 86 Cal.App.2d 308 [194 P.2d 750].)

Appellants assign as error the exclusion of rebuttal evidence of witness Riley. There was no offer of proof, however, and it appeared that his testimony would have been repetitious.

The next assignment of error was the denial of the view of the premises by the jury. This is in the discretion of the court. (*Nunneley* v. *Edgar Hotel*, 36 Cal.2d 493 [225 P.2d 497].)

The instruction stating, in effect, that the special use to the school district is to be excluded in arriving at market value correctly states the law. (*United States* v. *Miller*, 317 U.S. 369 [63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55]; *Santa Ana* v. *Harlan, supra*, 99 Cal. 538, 542; *San Diego Land etc. Co.* v. *Neale*, 88 Cal. 50 [25 P. 977, 11 L.R.A. 604].)

Appellants say that the court attempted to force an early decision of the case by reminders that a juror had to make an appointment that she had on the last day of the trial. The court nowhere forced a jury verdict. What appellants are referring to are the statements of the juror that she had to make the appointment. Besides, the verdict was rendered an hour before the appointment was set, thereby indicating no rush.

Appellants claim that a new trial should have been granted. They offered evidence of amounts of offers and sales prices of other similar land, which were higher than that received by or offered to appellants. But this is inadmissible evidence. (*City of Los Angeles* v. *Cole, supra*, 28 Cal. 2d 509.) The affidavit stated that appellants had not had time to prepare for trial. This was countered by an affidavit that counsel for respondent offered to postpone the trial. The court evidently believed the latter.

Lastly appellants contend that the evidence does not sustain the verdict. The jury determined the value exactly as testified to by plaintiff's expert Clark. Clark's evidence is not objected to, although appellants attempt to challenge its weight. That is for the jury.

Judgments affirmed.

Nourse, P. J., concurred.

A petition for a rehearing was denied September 2, 1953, and appellants' petition for a hearing by the Supreme Court was denied October 1, 1953. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.