[Civ. No. 23678.   Second Dist., Div. One.   Aug. 28, 1959.]

THE PEOPLE ex rel. Department of Public Works, Appellant, v. MARVIN H. BOWMAN et al., Defendants; JOHN F. DeCOSTA, Respondent.

Holloway Jones, Jack M. Howard, Joseph F. DeMartini, John H. Tallett and William L. Gordon for Appellant.

No appearance for Respondent.

LILLIE, J.—In a condemnation proceeding brought by the State for highway purposes in which compensation for the taking was later assessed by the jury at $28,000, two expert valuation witnesses, Elmer Moody and Ed Roy, testified on behalf of defendant and the only respondent herein, John F. DeCosta. After the jury verdict the trial court, on motion of the defendant, ordered costs of suit taxed at $402.10, which award became part of the judgment of condemnation. The State appeals from that part of the order fixing defendant's costs and awarding the same in excess of $14.60, and denying its motion to strike certain items from the notice of motion to tax costs; and from that portion of the judgment of condemnation awarding defendant costs of suit in excess of $14.60.

The sole issue advanced by appellant is whether, in a condemnation proceeding, a defendant may be awarded as costs of suit, appraisal fees and in preparation for trial costs of expert valuation witnesses employed by him.

Appellant concedes the propriety of $14.60 of the total amount allowed, which includes ordinary witness fees of the valuation experts for their court attendance and mileage; but questions the validity of any allowance and assessment of $387.50 designated in defendant's memorandum of costs as appraisal fees and preparation for trial of Moody and Roy, two expert valuation witnesses employed by defendant.

Although the witness fee and mileage for the appearance in court of an ordinary witness are taxable as costs of suit in a civil action under the general section on costs, Section 1032, Code of Civil Procedure, the rule that in the absence of statutory authority there is no right to recovery of costs is generally recognized (*Hogan* v. *Ingold,* 38 Cal.2d 802, 814 [243 P.2d 1, 32 A.L.R.2d 834] ; *McIntosh* v. *Crandall,*

47 Cal.App.2d 126, 127 [117 P.2d 380]; *Turner* v. *East Side Canal & Irr. Co.*, 177 Cal. 570, 573 [171 P. 299]). Therefore, statutory provision in the form of section 1255, Code of Civil Procedure, has been made for costs arising out of eminent domain proceedings (*City of Los Angeles* v. *Vickers*, 81 Cal.App. 737 [254 P. 687]).

Section 1255, Code of Civil Procedure, provides that "costs may be allowed or not and if allowed, may be apportioned between the parties on the same or adverse sides in the discretion of the court." Although this section does not specify what items may be included in costs allowed thereunder, our courts have held that they are the same as those available in ordinary civil actions under section 1032, Code of Civil Procedure (*City of Los Angeles* v. *Vickers*, 81 Cal.App. 737 [254 P. 687]), which allows only the ordinary and usual costs attending trials (*Pacific Gas etc. Co.* v. *Chubb*, 24 Cal.App. 265 [141 P. 36]), including fees for daily court attendance and mileage of expert witnesses called by the prevailing party. However, excluded from the "ordinary and usual" costs of suit under the general section on costs (now Code Civ. Proc., § 1032) were the fees paid to witnesses as experts, and the expenses incurred in preparing maps and making surveys, prior to trial (*Bathgate* v. *Irvine*, 126 Cal. 135 [58 P. 442, 77 Am.St.Rep. 158]; *People* v. *One 1950 Ford Sedan*, 140 Cal.App.2d 647 [295 P.2d 486]; *Murphy* v. *F. D. Cornell Co.*, 110 Cal.App. 452 [294 P. 490]).

Applying these rules to eminent domain proceedings, it is now clear that the fees paid by a defendant for appraisals done on the subject property by valuation experts, and costs expended in that connection for preparation of trial are not allowable and may not be assessed together with ordinary costs of suit, authorized under either section 1032 or 1255, even though the appraisers have testified for the defendant as expert witnesses (*City of Los Angeles* v. *Vickers*, 81 Cal. App. 737 [254 P. 687]; *City of Los Angeles* v. *Clay*, 126 Cal.App. 465 [14 P.2d 926]; *City of Long Beach* v. *Anderson*, 139 Cal.App. 130 [33 P.2d 875]), except in cases in which the trial court has appointed the expert, or an order in the form specified has been secured from the court in advance of the trial (Code Civ. Proc., § 1871; *City of Los Angeles* v. *Clay*, 126 Cal.App. 465 [14 P. 926]; *City of Long Beach* v. *Anderson*, 139 Cal.App. 130 [33 P.2d 875]), or the plaintiff has abandoned the action during trial (Code Civ. Proc., § 1255a, *Metropolitan Water District* v. *Adams*, 23 Cal.2d

770 [147 P.2d 6] ; *Laguna Salada etc. Dist.* v. *Pacific Dev. Co.,* 119 Cal.App.2d 470 [259 P.2d 498]).

The ruling in *Metropolitan Water District* v. *Adams,* 23 Cal.2d 770 [147 P.2d 6], allowing reasonable fees and expenses incurred by a property owner in employing an expert as taxable costs, relied upon by the trial court in its minute order as authority for taxing costs in the amount of $402.10, arises out of a situation in which the litigation was abandoned during the trial. It is predicated entirely upon section 1255a, Code of Civil Procedure, specifically allowing a defendant his "costs and disbursements, which shall include all necessary expenses incurred in preparing for trial . . ." (p. 772), upon abandonment of condemnation proceedings. Neither this case nor *Laguna Salada etc. Dist.* v. *Pacific Dev. Co.,* 119 Cal.App.2d 470 [259 P.2d 498], cited as authority for the trial court's allowance, supports its order. In the latter case the issue of costs was not raised directly, but referred to only in connection with an abandonment under section 1255a, Code of Civil Procedure.

Since the record before us fails to disclose any order made by the court below appointing an expert under section 1871, Code of Civil Procedure, or that the action during trial was abandoned under section 1255a, Code of Civil Procedure, we cannot hold that defendant is entitled as costs of suit, to the appraisal fees and costs in preparation for trial of his expert valuation witnesses. That portion of the order fixing and awarding costs in excess of $14.60 and denying defendant's motion to strike the item set forth in the notice of motion to tax costs—to wit: "Elmer Moody—Appraisal fee—Preparation for trial $187.50; Ed Roy—Appraisal fee—Preparation for trial $200.00"; and that portion of the judgment awarding to defendant costs of suit in excess of $14.60, are and each is reversed.

White, P. J., and Fourt, J., concurred.