Filed 12/3/20  Jackson v. Biter CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FRED JACKSON,<br><br>　　Plaintiff and Appellant,<br><br>　　v.<br><br>M.D. BITER,<br><br>　　Defendant and Respondent. | F077308<br><br>(Super. Ct. No. CV-281820)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

Fred Jackson, in pro. per, for Plaintiff and Appellant

Xavier Becerra, Attorney General, Monica N. Anderson, Misha D. Igra, and Andrew M. Gibson, Deputy Attorneys General for Defendant and Respondent.

-ooOoo-

Plaintiff appeals from the judgment entered against him after the trial court granted defendant's motion for summary judgment. He also challenges the denial of his pretrial motions for court-appointed counsel, for a court-appointed expert witness, and for a physical examination by a medical expert. We conclude plaintiff has not established any prejudicial error in the trial court's rulings, and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a prison inmate, who is representing himself in this action. After two demurrers and an appeal, only one cause of action against one defendant remained in plaintiff's first amended complaint. It alleged that defendant, the warden at Kern Valley State Prison (KVSP), was liable for injuries suffered by plaintiff, while he was an inmate at the prison, as a result of a dangerous condition of public property. The alleged dangerous condition was the presence of arsenic in the drinking water. Plaintiff alleged he was transferred to KVSP in August 2008, and, beginning in December 2012, he experienced white pigmentation spots on his skin as a result of the contaminated drinking water; additionally, he was later diagnosed with prostate cancer.

In the course of litigation, plaintiff filed at least one motion for the court to appoint counsel to represent him, and at least four motions each for the court to appoint a medical expert and for it to order a physical examination by a medical expert. All were denied.

Defendant filed a motion for summary judgment, supported by argument and evidence, including the opinion of a medical expert. Defendant argued that there was no dangerous condition at KVSP, because the level of arsenic in the drinking water was not harmful; it would take 20 years of exposure to much higher levels to cause injuries. The water met the standards in effect prior to 2006, when the federal authorities lowered the standard. Further, defendant's medical expert opined the arsenic in the water was not a proximate cause of plaintiff's claimed injuries. Defendant also argued the problem was reasonably remedied by construction of an arsenic removal plant, which took several years to plan, have approved by the state, and construct. Finally, defendant argued he

2

was immune from liability for discretionary decisions concerning how to resolve the problem of arsenic in the water.

Plaintiff opposed the motion for summary judgment, arguing he was exposed to arsenic in the water for four or five years, he was at higher risk of injury than average, defendant's expert did not have all of his medical records, and a document he presented indicated injury could occur from arsenic exposure in only three to seven years. Plaintiff did not offer expert opinion; he again asserted the need for appointment of an expert to provide an opinion regarding whether the level of arsenic in the water was dangerous and whether it proximately caused plaintiff's claimed injuries. Plaintiff also suggested defendant should have provided high risk inmates bottled water until the arsenic removal plant was in operation.

Plaintiff did not appear at the January 22, 2018 hearing of defendant's motion for summary judgment, although the trial court had approved a telephonic appearance. The trial court trailed the matter to the end of the calendar to give plaintiff more time to appear, then granted the motion. In subsequent objections to defendant's proposed formal order granting summary judgment, plaintiff asserted he was prevented from appearing at the hearing by a prison employee, who refused to wait and hung up before his appearance. Plaintiff appeals from the judgment.[1]

## DISCUSSION

### I. Court-Appointed Counsel

Plaintiff contends the trial court abused its discretion by denying his motion for appointment of counsel. A prisoner does not have a right to appointed counsel in a general civil case, such as this personal injury action. Prisoners possess a constitutional

---

[1] Plaintiff's December 3, 2018 request for judicial notice is denied. The document of which notice is requested is not relevant to the issues before the court in this appeal. (*People v. Rowland* (1992) 4 Cal.4th 238, 268, fn. 6 (judicial notice cannot be taken of any matter that is irrelevant).)

right of access to the courts in civil matters. (*Payne v. Superior Court* (1976) 17 Cal.3d 908, 914.) This right of access comes into existence only when a prisoner is indigent and is confronted with a bona fide legal action threatening his or her interests. (*Id.* at p. 924.) The establishment of the prisoner's right of access does not mandate a particular remedy. (*Id.* at p. 923.) It entitles the prisoner to a meaningful opportunity to be heard; how that is achieved is to be determined by the exercise of discretion by the trial court. (*Id.* at p. 927.) "The exercise of the trial court's discretion will not be overturned on appeal 'unless it appears that there has been a miscarriage of justice.'" (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 794 (*Wantuch*).)

*Payne* addressed an action in which an indigent prison inmate was named as a defendant in a civil action. (*Payne*, *supra*, 17 Cal.3d at p. 911.) Subsequent cases, including *Wantuch* and *Apollo v. Gyaami* (2008) 167 Cal.App.4th 1468 (*Apollo*), recognized that indigent prison inmates who were plaintiffs in civil actions also had a right of meaningful access to the courts. (*Wantuch*, *supra*, 32 Cal.App.4th at p. 792; *Apollo*, *supra*, at pp. 1482-1484.) Meaningful access to the courts is the keystone of an indigent prisoner's right to prosecute bona fide civil actions; a prisoner may not compel the trial court to appoint counsel on his or her behalf. (*Apollo*, *supra*, at p. 1483.)

Appointment of counsel will generally be used only as "'a last alternative.'" (*Apollo*, *supra*, 167 Cal.App.4th at p. 1484.) "The right of an indigent prisoner to appointed counsel in a civil action arises only when there is a bona fide threat to his or her personal or property interests and no other feasible alternative exists." (*Wantuch*, *supra*, 32 Cal.App.4th at p. 793.) Potential options for affording access to the courts, other than appointing counsel to appear for the prisoner, include: transporting the prisoner for personal appearances in court, deferring trial until the prisoner's release if other parties will not be prejudiced, holding a portion of the trial at the prison, taking the prisoner's deposition in lieu of a personal appearance, conducting proceedings by telephone, closed circuit television, or other electronic media, using declarations

4

submitted by the parties, and implementing other innovative, imaginative procedures. (*Payne*, *supra*, 17 Cal.3d at pp. 923-925; *Wantuch, supra*, 32 Cal.App.4th at pp. 792-793; *Hoversten v. Superior Court* (1999) 74 Cal.App.4th 636, 644.)

While the court has power to order appointment of counsel, in the absence of authorizing legislation, it lacks the power to order that appointed counsel be compensated for representing the prisoner. "In an appropriate case, and as a last alternative, appointment of counsel may be the only way to provide an incarcerated, indigent civil defendant with access to the courts for the protection of threatened personal and property rights. We again stress that access -- not the right to counsel -- is the keystone of the structure we built in *Payne*, and we point out once more that the power to appoint is independent of the power to compensate." (*Yarbrough v. Superior Court* (1985) 39 Cal.3d 197, 200.) Compelling an attorney to represent a civil litigant without compensation has been found to be a violation of the attorney's right to equal protection of the law. (*Cunningham v. Superior Court* (1986) 177 Cal.App.3d 336, 338, 347-352.) Plaintiff has not identified any statute or court rule authorizing payment for appointed counsel in his case.

In support of his request for appointed counsel, plaintiff argues he is indigent (he qualified for a waiver of court fees and costs), he is incarcerated, and his case is complex. The issue is not his need or desire to have an attorney he cannot afford assist in the presentation of his case, but whether he has been afforded access to the court. The goal is to ensure his access is not impeded because he is incarcerated; it is not to give him an advantage that a similar unincarcerated litigant would not have. Plaintiff has filed and served numerous documents in this action, including two complaints, oppositions to demurrers, a motion for summary judgment, opposition to defendant's motion for summary judgment, and motions for reconsideration. His papers present coherent argument, supported by citation of authority. The trial court authorized plaintiff to appear at hearings by telephone, and waived payment of the fee associated with telephone

5

appearances. Plaintiff pursued a prior appeal, obtaining a partial reversal of the judgment entered after defendants' demurrer was sustained without leave to amend. Thus, despite the lack of an attorney, plaintiff has had ample access to the court.

The right of access to the courts does not require that the state enable the prisoner to litigate effectively once in court. (*Lewis v. Casey* (1996) 518 U.S. 343, 354.) It "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." (*Id*. at p. 355.)

Plaintiff argues that, if he had been able to appear at the January 22, 2018 hearing, he would have argued Government Code sections 68630 through 68641, and particularly Government Code section 68651, in support of his request for counsel. He asserts there was "a real possibility" the trial court would have appointed counsel for him if he had done so. There was no motion for appointment of counsel before the trial court on January 22, 2018, however. The only motion for appointment of counsel in the appellate record was filed on April 23, 2014, and was apparently denied on July 14, 2014.

We conclude the trial court did not abuse its discretion in denying plaintiff's request for appointment of counsel.

## II. Court-Appointed Expert Witness

Plaintiff contends the trial court abused its discretion when it denied his motions for court appointment of an expert witness. In his motions, plaintiff asserted appointment of an expert was necessary to support his claims that his skin damage and prostate issue were caused by consumption of arsenic in the water; also, an expert was required because the issues presented by his case were beyond common experience and he needed to controvert the opinions of defendant's expert. He now argues the motions should have been granted because he was an indigent prison inmate, he had already been granted a waiver of trial court fees and costs, and his case was complex, not an ordinary civil proceeding.

6

Plaintiff contends appointment of an expert was authorized by Evidence Code section 730, which provides in relevant part:

> "When it appears to the court, at any time before or during the trial of an action, that expert evidence is or may be required by the court or by any party to the action, the court on its own motion or on motion of any party may appoint one or more experts to investigate, to render a report as may be ordered by the court, and to testify as an expert at the trial of the action relative to the fact or matter as to which the expert evidence is or may be required. The court may fix the compensation for these services, if any, rendered by any person appointed under this section, in addition to any service as a witness, at the amount as seems reasonable to the court."

This section gives the trial court discretion to appoint an expert on a party's motion, it does not confer on a party an absolute right to have an expert appointed. (*Laguna Salada Union Elementary School Dist. v. Pacific Dev. Co*. (1953) 119 Cal.App.2d 470, 474.) We review the trial court's decision for abuse of discretion. (*In re Marriage of E.U. & J.E.* (2012) 212 Cal.App.4th 1377, 1389.)

The payment of court-appointed experts is addressed in Evidence Code section 731. Regarding experts appointed in civil actions, it states:

> "(b) In any county in which the superior court so provides, the compensation fixed under Section 730 for medical experts appointed for the court's needs in civil actions shall be a charge against the court. In any county in which the board of supervisors so provides, the compensation fixed under Section 730 for medical experts appointed in civil actions, for purposes other than the court's needs, shall be a charge against and paid out of the treasury of that county on order of the court.

> "(c) Except as otherwise provided in this section, in all civil actions, the compensation fixed under Section 730 shall, in the first instance, be apportioned and charged to the several parties in a proportion as the court may determine and may thereafter be taxed and allowed in like manner as other costs." (Evid. Code, § 731, subds. (b), (c).)

Plaintiff did not seek appointment of an expert for the court's needs. Rather, he sought an expert to provide an opinion supportive of his claims against defendant, and to refute any expert opinions offered by defendant. Accordingly, under Evidence Code

7

section 731, subdivision (b), the compensation of the expert could be charged to the county only if the board of supervisors of the county provided for such compensation and if the trial court ordered it. Plaintiff has presented no evidence or authority demonstrating that, in Kern County, the board of supervisors has provided for payment out of the county treasury to appointed medical experts in civil cases.

Under Evidence Code section 731, subdivision (c), the compensation of an appointed expert initially would be charged to one or more parties as determined by the court, subject to subsequent recovery as a cost by the prevailing party. Evidence Code section 731, subdivision (c), does not authorize the court to appoint an expert for a party at public expense.

We conclude the trial court did not abuse its discretion in denying plaintiff's motions for appointment of an expert witness at public expense.

III. **Court-Ordered Physical Examination**

Plaintiff contends the trial court abused its discretion when it denied his motions for a physical examination. The motions essentially sought the same relief as his motions for appointment of an expert witness: a medical expert to examine him and provide opinions regarding plaintiff's physical condition and whether his skin pigmentation spots and prostate problems were caused by ingesting arsenic in the prison's water. The motions were based primarily on Code of Civil Procedure section 2032.020.[2]

Section 2032.020 provides that a party may obtain discovery by means of a physical examination of a party to the action, an agent of a party, or a person in the custody or under the legal control of a party, when the person's physical condition is in controversy in the action. Subsequent sections set out how the physical examination is to be implemented. Section 2032.220 provides that, "[i]n any case in which a plaintiff is

---

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

8

seeking recovery for personal injuries, any defendant may demand one physical examination of the plaintiff" by a physician, provided certain conditions are met. (§ 2032.220, subd. (a).)  If the plaintiff refuses to comply with the demand, the defendant may move for an order compelling compliance.  (§ 2032.250.)  This procedure allows one party to an action to compel another party, or someone within the other party's control, to submit to a physical examination by a doctor, when the examined person's physical condition is in issue.  It does not authorize the court to order a physical examination of a party by that party's own medical expert at no cost to the party.

Plaintiff cites various sections of the Evidence Code in support of his request. (Evid. Code, §§ 210, 351, 402, 403.)  These address the definition and admissibility of relevant evidence, and establishing foundational and preliminary facts.  They do not provide a basis for the trial court to order a physical examination of plaintiff.

We conclude the trial court did not abuse its discretion by denying plaintiff's motions for a physical examination, both because the cited statutes do not apply to the physical examination plaintiff sought and for the same reasons that it did not abuse its discretion by denying his motions for appointment of an expert.

## IV.    Waiver of Fees for Expert Witness

Plaintiff's initial waiver of court fees and costs was granted.  Plaintiff filed a subsequent request for a waiver of additional court fees and costs, which requested a waiver of "[f]ees for court-appointed experts."  The order on the second request indicated the court needed more information, and ordered plaintiff to appear on January 22, 2018 (the same date as the hearing of defendant's motion for summary judgment), to provide that information.  The court sought more information regarding the nature and cost of the expert witness, and the right of a litigant to have an expert witness appointed by the court.

Plaintiff argues he was prevented by prison personnel from appearing at the January 22, 2018 hearing, despite the court's order permitting him to appear by

9

telephone. He also asserts he was indigent, as established by the granting of his initial request for a fee waiver.

"An appellant bears the burden to show not only that the trial court erred, but also that the error was prejudicial in that it resulted in a miscarriage of justice. [Citations.] An error is prejudicial and results in a miscarriage of justice only if the reviewing court concludes, based on its review of the entire record, that it is reasonably probable that the trial court would have reached a result more favorable to the appellant absent the error." (*Jones v. Farmers Ins. Exchange* (2013) 221 Cal.App.4th 986, 999 (*Johnson*).) The trial court set plaintiff's request for an additional fee waiver for hearing and ordered plaintiff to appear. Plaintiff failed to appear. There is nothing in the record to indicate the court caused plaintiff's failure to appear; plaintiff attributes it to actions of a prison employee. Even if there were some error by the trial court in ruling on the matter in plaintiff's absence, plaintiff has not shown that any error was prejudicial. Plaintiff has not identified any facts or legal authorities that he would have presented, if he appeared at the January 22, 2018 hearing, that would have affected the trial court's decision.

Indigence and the need for expert testimony alone do not entitle a civil plaintiff to a waiver of fees for an expert witness, as discussed in part II above. Plaintiff has offered no additional facts demonstrating he was entitled to a waiver of the cost of an expert; he has not shown that the trial court would have been likely to have granted the waiver request if plaintiff had appeared at the hearing and informed it of those additional facts. Plaintiff also has not identified any legal authorities supporting his request for a fee waiver that he would have cited to the trial court if he had appeared at the hearing.

We conclude plaintiff has not demonstrated any prejudicial error in the trial court's denial of his request for an additional fee waiver.

## V.     Denial of Hearing on Motion for Summary Judgment

Summary judgment is properly granted when no triable issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. (§ 437c,

10

subd. (c).) In moving for summary judgment, a "defendant … has met his or her burden of showing that a cause of action has no merit if the party has shown that one or more elements of the cause of action … cannot be established, or that there is a complete defense to the cause of action." (§ 437c, subd. (p)(2).) Once the moving defendant has met his initial burden, "the burden shifts to the plaintiff … to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (*Ibid*.)

On appeal, we apply the same analysis. (*Torres v. Reardon* (1992) 3 Cal.App.4th 831, 836.) "We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports." (*Merrill v. Navegar, Inc*. (2001) 26 Cal.4th 465, 476.)

Plaintiff contends he was denied a fair hearing on the motion for summary judgment because he was prevented from appearing and arguing his position. Initially, we reject plaintiff's suggestion, which was based on Kern County Local Rule 2.62, that the trial court dismissed his action due to his failure to appear at the hearing. The judgment clearly stated it was based on the granting of defendant's summary judgment motion; the order granting that motion found defendant met his burden of showing plaintiff could not prove an essential element of his cause of action, plaintiff did not raise a triable issue of material fact, and defendant was entitled to judgment as a matter of law. Thus, the judgment was based on the merits of the motion, not on plaintiff's failure to appear at the hearing.

An appellant must show both that the trial court erred, and that the error was prejudicial in that it resulted in a miscarriage of justice. (*Jones, supra,* 221 Cal.App.4th at p. 999.) Plaintiff presented his evidence in his opposition papers. Defendant objected to some of plaintiff's evidence, and the objections were sustained. Plaintiff asserts in his brief that he did not timely receive defendant's objections and was prevented from

11

responding to them because he was not allowed to appear at the hearing.  He argues the trial court abused its discretion by sustaining the objections.

Defendant's objections were timely served and filed.  The record indicates defendant served and filed written objections on January 17, 2018, along with his reply papers.  He served the reply and objections by overnight courier.  This complied with the requirement that "all written objections to evidence … in opposition to a motion for summary judgment … must be served and filed at the same time as the objecting party's … reply papers are served and filed."  (Cal. Rules of Court, rule 3.1354.)  It also complied with the requirement that reply papers be served and filed not less than five days before the hearing date, and be served by a means reasonably calculated to ensure delivery not later than the close of the next business day.  (§§ 437c, subd. (b)(4); 1005, subd. (c).)

Plaintiff has not addressed any of defendant's objections in his briefs.  He has not presented reasoned argument, supported by citation of legal authority, demonstrating that any of the objections lacked merit and should have been overruled.  He also has not demonstrated prejudice.  He has not shown that, if he had appeared at the hearing, the trial court likely would have overruled some or all of defendant's objections and would have considered his evidence.  Plaintiff also has not shown that, if the trial court had considered the excluded evidence, it is reasonably probable it would have reached a result more favorable to plaintiff.  (*Jones, supra,* 221 Cal.App.4th at p. 999.)

Plaintiff has not challenged the sufficiency of the evidence presented by defendant to meet defendant's burden on motion for summary judgment.  He attempts to argue that he presented evidence raising a triable issue of material fact, but he relies on evidence to which defendant's objections were sustained.  On appeal after summary judgment, we consider all the evidence set forth in the moving and opposition papers except that to which objections have been made and properly sustained.  (*Pipitone v. Williams* (2016) 244 Cal.App.4th 1437, 1451-1452.)  Because plaintiff has not demonstrated defendant's

12

objections were wrongly sustained, we cannot consider the evidence as to which the trial court sustained objections.  Additionally, plaintiff has not shown that he presented any evidence raising a triable issue of fact regarding the element of causation of any of his claimed injuries.

We conclude plaintiff has not demonstrated error by the trial court.

## **DISPOSITION**

The judgment is affirmed.  Defendant is entitled to his costs on appeal.


                                                                    SMITH, J.

WE CONCUR:


HILL, P.J.


LEVY, J.